■ JOHN MCCORMACK et al., Appellants-Respondents, v HELMSLEY-SPEAR, INC., Respondent, and HENEGAN CONSTRUCTION CO., INC., Respondent-Appellant. (And a Third- and Second Third-Party Action.) [649 NYS2d 697] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about July 28, 1995, which, *inter alia,* denied the branch of the motion of defendants Henegan Construction Co. and Helmsley-Spear, Inc. for summary judgment, dismissing plaintiffs' cause of action under Labor Law § 240 (1), denied plaintiffs' cross-motion for partial summary judgment on the issue of liability, pursuant to Labor Law § 240 (1), and granted the branch of the

motion of Henegan and Helmsley-Spear, Inc. to dismiss plaintiffs' causes of action under Labor Law § 241 (6) and § 200, unanimously modified, on the law, to reinstate plaintiffs' cause of action under Labor Law § 241 (6), and otherwise affirmed, without costs.

Although there was no evidence of a defect in the rung of the scaffold from which plaintiff fell, the IAS Court properly denied both parties' motions for summary judgment on the issue of whether the scaffold provided proper protection within the meaning of Labor Law § 240 (1), because the parties dispute the source of mixed wet cement and mortar debris on the rung from which plaintiff slipped, and the existence of similar debris in the surrounding area at the time of the accident (*Romano v Hotel Carlyle Owners Corp.*, 226 AD2d 441; *see, Gange v Tilles Inv. Co.*, 220 AD2d 556; *cf., Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [harm not caused by elevation related risk]). Plaintiffs' Labor Law § 200 claim was also properly dismissed for failure to show either actual or constructive knowledge of the dangerous condition (*Leon v Peppe Realty Corp.*, 190 AD2d 400, 411).

However, plaintiffs' Labor Law § 241 (6) claim should be reinstated because it was adequately supported by a safety expert's specific allegations that the defendants breached various provisions of 12 NYCRR part 23* (*Springer v Clark Publ. Co.*, 171 AD2d 914; *cf., Ross v Curtis-Palmer Hydro-Elec. Co., supra* [general violations insufficient to support claim]). Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Mazzarelli, JJ.

---

* Plaintiff alleges that defendant breached the following provisions: 12 NYCRR 23-1.7 (d) (employer must not allow employee to use an elevated working surface in a slippery condition); 12 NYCRR 23-1.7 (e) (2) (employer shall keep work area free from accumulation of debris); 12 NYCRR 23-1.5 (c) (1) (employer must ensure equipment is in good repair and in safe working condition); 12 NYCRR 23-1.5 (a) (employer must generally provide safe working conditions).