■ PHILIP GONZALEZ, Respondent, v UNITED PARCEL SERVICE, Appellant. (And a Third-Party Action.) [671 NYS2d 753] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 10, 1997, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing plaintiff's negligence and Labor Law §§ 200 and 241 (6) claims, unanimously modified, on the law, to the extent of granting defendant's motion for summary judgment dismissing plaintiff's negligence and Labor Law § 200 claims, and otherwise affirmed, without costs.

The motion court properly exercised its discretion in entertaining defendant's motion for summary judgment on the merits despite its having been made 19 days beyond the ordinarily applicable time frame set forth in CPLR 3212 (a); had plaintiff's note of issue not been prematurely filed, defendant's motion would have been well within the statutory time frame and there was, accordingly, good cause for the delay.

Turning to the merits, defendant's motion to dismiss plaintiff's Labor Law § 200 and common-law negligence claims should have been granted. Those claims are not sustainable in the absence of proof indicating that defendant exercised actual supervision or control over the work in the course of which plaintiff was injured (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). There was, however, no proof that defendant, the owner of the premises where the work was being performed, had any control over the manner in which the work in question was done and, more specifically, no proof demonstrating that defendant controlled or supervised the use of the machine whose negligent alteration and operation is said to have caused plaintiff's injury. We note in this connection that defendant's general oversight of the timing of the work and its quality is not to be equated with the direct supervision and control over the manner of the work's performance necessary to establish liability under Labor Law § 200, or at common law

for negligence (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d, *supra*, at 877).

Control, however, is not a condition of an owner's liability pursuant to Labor Law § 241 (6) (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502). Nor, contrary to defendant's argument, was the the dismissal of plaintiff's claim pursuant to that statute otherwise warranted. Plaintiff cited at least two provisions of the Industrial Code sufficiently specific to constitute predicates for the imposition of liability pursuant to Labor Law § 241 (6) (*see generally, supra*, at 503-505), and the possible relevance of those code provisions to the facts at bar was adequately made out by the affidavit of plaintiff's expert stating in pertinent part that the machine said to have caused plaintiff's injury had been modified to permit its operation without a momentary foot switch in violation of 12 NYCRR 23-1.5 (c) (1) and (3) (*see, McCormack v Helmsley-Spear, Inc.*, 233 AD2d 203). In addition, a triable issue of fact has been raised respecting whether there was sufficient clearance between the machine and the wall, and, that being the case, 12 NYCRR 19.2 (h) may also furnish a predicate for imposition of Labor Law § 241 (6) liability. Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Andrias, JJ.