ANTHONY J. FLIHAN et al., Appellants, v CORNELL UNIVERSITY, Respondent. [720 NYS2d 695] —Order unanimously affirmed without costs. Memorandum: Anthony J. Flihan (plaintiff) was injured when he and two co-workers were unloading a heavy gang box full of tools from the back of a truck by sliding it onto a ramp running from the truck bed to the ground. As the gang box was being guided onto the ramp from the truck bed, it became unstable and fell toward plaintiff. Plaintiff was unable to hold the gang box above his head, and to avoid being struck by it, he quickly stepped aside, twisting his back. Plaintiff and his wife commenced this action against defendant, the owner of the property where plaintiff was working, alleging causes of action in common-law negligence and based upon violation of Labor Law §§ 200, 240 (1) and § 241 (6). On a prior appeal, we concluded that plaintiffs were not entitled to partial summary judgment on the Labor Law § 240 (1) cause of action and granted defendant's cross motion for summary judgment dismissing that cause of action (*Flihan v Cornell Univ.*, 237 AD2d 921).

Thereafter, defendant moved for summary judgment dismissing the remaining causes of action. Supreme Court properly granted that part of defendant's motion seeking to dismiss the Labor Law § 241 (6) cause of action. In opposition to defendant's motion, plaintiffs alleged that defendant violated 12 NYCRR 23-2.1 (a) (2), which concerns "Storage of material or equipment." Although that section is specific enough to support a Labor Law § 241 (6) cause of action (*see, Herman v St. John's Episcopal Hosp.*, 242 AD2d 316, 316-317; *Cafarella v Harrison Radiator Div.*, 237 AD2d 936, 938), we conclude that it does not apply in the circumstances of this case because plaintiff was not injured as the result of the improper storage of the gang box on the back of the truck. Plaintiffs also alleged that defendant violated 12 NYCRR 23-6.1 (b), (d) and (j) (1), which relate to "Material Hoisting." Even assuming, arguendo, that those regulations are sufficiently specific to support a Labor Law § 241 (6) cause of action (*see, Sharrow v Dick Corp.*, 233 AD2d 858, 861, *lv denied* 89 NY2d 810, *rearg denied* 89 NY2d 1087; *Mattison v Wilmot*, 228 AD2d 991, 992-993, *lv dismissed* 89 NY2d 917), we conclude that they are not applicable in the circumstances of this case because plaintiff and his co-workers were not using hoisting equipment to move the gang box from the truck.

The court also properly granted that part of defendant's motion seeking to dismiss the Labor Law § 200 and common-law negligence causes of action. Defendant met its initial burden of establishing that it did not exercise any supervisory control over the method of the work being performed by the contractor by whom plaintiff was employed (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Lombardi v Stout,* 80 NY2d 290, 295; *Riley v Stickl Constr. Co.,* 242 AD2d 936, 936-937), and plaintiffs submitted no evidence raising a triable issue of fact. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.