■ CARLOS F. CABEZAS et al., Respondents,. v CONSOLIDATED EDISON, Appellant, et al., Defendants. (And a Third-Party Action.) [745 NYS2d 210] —In an action to recover damages for personal injuries, etc., the defendant Consolidated Edison appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated April 12, 2001, as granted that branch of the plaintiffs' cross motion which was for partial summary judgment against it on the cause of action pursuant to Labor Law § 240 (1), and denied that branch of its cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' cross motion which was for partial summary judgment on the cause of action pursuant to Labor Law § 240 (1) is denied, that branch of the appellant's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it is granted, and that cause of action is dismissed insofar as asserted against the appellant.

The plaintiff Carlos Francisco Cabezas was injured when he and a coworker were unloading concrete conduit pipes from the flatbed of a truck at a construction site. The injured plaintiff, who was positioned on the ground, failed to grasp one of the pipes passed to him by the coworker from the flatbed of the truck, and the pipe fell on his foot. The plaintiffs asserted, inter alia, a cause of action pursuant to Labor Law § 240 (1) against the defendant Consolidated Edison, which had hired his employer to install the pipes. The Supreme Court granted that branch of the plaintiffs' cross motion which was for partial summary judgment on that cause of action, and denied that

branch of Consolidated Edison's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Contrary to the plaintiff's contention, the risk he faced at the time he was injured was not a special hazard that Labor Law § 240 (1) was designed to address. Rather, it was the type of ordinary risk inherent in construction work. The task of unloading a truck is not an elevation-related risk simply because there is a difference in elevation between the ground and the truck bed (*see Jacome v State of New York,* 266 AD2d 345; *Tillman v Triou's Custom Homes,* 253 AD2d 254; *Phelan v State of New York,* 238 AD2d 882; *Narducci v Manhasset Bay Assoc.,* 96 NY2d 259; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Carroll v Timko Contr. Corp.,* 264 AD2d 706; *see also Rodriguez v Margaret Tietz Ctr. For Nursing Care,* 84 NY2d 841). Accordingly, that branch of the plaintiffs' cross motion which was for partial summary judgment on the cause of action pursuant to Labor Law § 240 (1) is denied, and that branch of Consolidated Edison's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it is granted. Santucci, J.P., S. Miller, Goldstein and Townes, JJ., concur.