■ JOSEPH KOBETITSCH et al., Respondents, v P.M. MAINTENANCE, Defendant and Third-Party Plaintiff-Appellant. TORINO INDUSTRIAL, INC., Third-Party Defendant. [764 NYS2d 856] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an or-

der of the Supreme Court, Queens County (LaTorella, J.), dated January 25, 2002, as denied that branch of its cross motion which was for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6), and granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1) and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar appealed from, without costs or disbursements.

The injured plaintiff (hereinafter the plaintiff) was a steelworker employed by third-party defendant, Torino Industrial, Inc. (hereinafter Torino). Torino had been hired by the defendant third-party plaintiff-appellant, P.M. Maintenance, the general contractor on a construction project at the East Islip Fire House, to put up structural steel for the roof. The plaintiff allegedly sustained personal injuries when he was struck by a "portable gantry" when it fell while being hoisted from the ground onto the back of a flatbed truck. The portable gantry allegedly fell when the chain or cable which was being used to hoist it gave way.

The plaintiff and his wife commenced this action against the appellant asserting causes of action, inter alia, pursuant to Labor Law § 240 (1) and § 241 (6). Insofar as is relevant to this appeal, the plaintiffs moved for summary judgment on the issue of liability on their causes of action pursuant to Labor Law § 240 (1) and § 241 (6), claiming that they were entitled to summary judgment because the plaintiff was struck by the falling portable gantry which was improperly secured or hoisted. The appellant then cross-moved, among other things, for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6). The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action pursuant to Labor Law § 240 (1), and denied that branch of the appellant's cross motion which was for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6).

We agree with the appellant that the plaintiffs were not entitled to summary judgment on their cause of action pursuant to Labor Law § 240 (1), but we reject the appellant's conten-

tion that it was entitled to summary judgment dismissing that cause of action. Although Labor Law § 240 (1) generally does not apply when construction workers are injured by material which falls as it is being loaded onto or unloaded from a truck (*see Bartley v Accu-Glo Elec. Corp.,* 272 AD2d 352 [2000]; *Cabezas v Consolidated Edison,* 296 AD2d 522 [2002]; *Jacome v State of New York,* 266 AD2d 345 [1999]; *see also Tillman v Triou's Custom Homes,* 253 AD2d 254 [1999]; *Phelan v State of New York,* 238 AD2d 882 [1997]), the record here contains conflicting versions with respect to how high the portable gantry was when it fell and struck the plaintiff. According to the plaintiff, it was about 7 to 12 feet off the ground. According to Torino's owner, it was impossible for the portable gantry to be raised more than a few inches above the level of the bed of the truck. Thus, a triable issue of fact exists as to whether there was "a significant risk inherent in * * * the relative elevation" at which the portable gantry was positioned when it fell and struck the plaintiff (*Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514 [1991]).

The appellant's remaining contentions either are unpreserved for appellate review or without merit. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.