PATRICIA J. HAVLIN, as Executor of JOSEPH HAVLIN, Deceased, Respondent, v CITY OF NEW YORK et al., Appellants. [792 NYS2d 464]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered August 5, 2004, which, to the extent appealed from, denied so much of the motion of defendant Alma Construction Corporation and the cross motion of defendants City of New York, New York City Fire Department and Kreisler Borg Florman General Construction Company as sought summary judgment dismissing plaintiff's Labor Law § 200 claim, unanimously affirmed, without costs.

Plaintiff's decedent, while employed in a supervisory capacity at a construction worksite, was allegedly injured when he lost his footing on a broken step and fell. Inasmuch as there is evidence sufficient to raise a triable issue whether the complained-of hazard resulted from the manner in which defendant general contractor Alma Construction performed its demolition work at the site, summary judgment dismissing the Labor Law § 200 claim as against Alma was properly denied (*see Murphy v Columbia Univ.*, 4 AD3d 200 [2004]; *Bonura v KWK Assoc.*, 2 AD3d 207, 207-208 [2003]). Also proper was the denial of summary judgment dismissing the Labor Law § 200 claim as against the remaining defendants. There is evidence to support the inference that defendant construction manager Kreisler Borg Florman had supervision and control over the hazard-producing work and over safety at the worksite, and that it had notice of the alleged hazard (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]), and the municipal defendants may be liable in their proprietary capacity since there is evidence that they had notice of the hazard and sufficient supervisory authority and control over the work to see that the

hazard was properly addressed (*see id.*). Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.