■ RAMON LANDA, Respondent, v CITY OF NEW YORK, Defendant, and BOUNDARY FENCE & RAILING SYSTEM et al., Defendants and Third-Party Plaintiffs-Respondents. MITCHELL CONSTRUCTION Co., Third-Party Defendant and Second Third-Party Plaintiff-Respondent. INTERSTATE CONTRACTING Co., INC., Second Third-Party Defendant-Appellant. (And Another Action.) [795 NYS2d 187]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered March 25, 2004, which, insofar as appealed from, denied second third-party defendant Interstate Contracting Co., Inc.'s (Interstate) motion for summary judgment dismissing all common-law and contractual indemnity claims and cross claims as against it and the motion for summary judgment dismissing the third-party complaint of defendants and third-party plaintiffs Boundary Fence & Railing System and B.W.F. Fence Systems, Inc. (collectively, Boundary) against third-party defendant and second third-party plaintiff Mitchell Construction Co. (Mitchell), unanimously reversed, on the law, without costs, and all claims and cross claims against Interstate and Mitchell dismissed. The Clerk is directed to enter judgment accordingly.

This personal injury action arises out of a New York City (City) school renovation project in the Bronx, pursuant to which the New York City School Construction Authority (SCA) hired Mitchell as general contractor. Mitchell subcontracted with Interstate to install the gates and fencing around the school, and Interstate ordered the gates and fencing from Boundary. Plaintiff, Ramon Landa, an employee of Interstate, allegedly sustained personal injuries while employees of Boundary and Interstate were unloading a gate from a Boundary truck at the worksite; no one else was present at the site that day.

Plaintiff commenced this action, under Labor Law § 240 (1), § 241 (6) and § 200, and for common-law negligence, against the City and Boundary. Boundary brought third-party actions against Mitchell and SCA for common-law indemnification; Mitchell commenced a third-party action against Interstate for common-law and contractual indemnification.

As Supreme Court determined, the unloading of the truck was not an elevation-related risk within the meaning of the Labor Law and the regulations plaintiff asserts were violated are inapplicable, and therefore the claims under Labor Law § 240 (1) and § 241 (6) were properly dismissed in their entirety. However, Supreme Court should have also dismissed Boundary's third-party complaint against Mitchell, and consequently Mitchell's third-party complaint against Interstate, since the only remaining claims implicate Labor Law § 200 and common-law negligence and there is no evidence that Mitchell supervised, directed or controlled the means and methods of plaintiff's work,

or provided him with tools or equipment (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).

The evidence establishes that no one from Mitchell was present at the worksite on the day of the accident, and that no other work was being performed that day. Mitchell had no direct involvement in the performance of plaintiff's work or the manner in which Boundary's truck was unloaded. To the extent Mitchell, as general contractor, may have had a general duty to supervise work and ensure compliance with safety regulations, that is insufficient to impose liability under Labor Law § 200 and common-law negligence (*see De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 192 [2003]). Concur—Buckley, P.J., Saxe, Friedman, Williams and Sweeny, JJ.