■ JEFFREY M. McCOMBS, Respondent-Appellant, v CIMATO ENTERPRISES, INC., et al., Individually and as Copartners Doing Business as DEER RUN JOINT VENTURE, Appellants-Respondents. [798 NYS2d 818]—

Appeal and cross appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered January 29, 2004 in a personal injury action. The order granted in part and denied in part defendants' motion seeking summary judgment dismissing the complaint and denied plaintiff's cross motion seeking partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of defendants' motion with respect to the second cause of action and reinstating that cause of action and by granting that part of defendants' motion with respect to the third cause of action in its entirety and dismissing that cause of action in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained when a concrete block

that was thrown from a delivery truck struck his right foot while he was working in a trench. Supreme Court properly denied that part of defendants' motion seeking summary judgment dismissing the Labor Law § 200 cause of action. Although defendants met their initial burden by establishing that they had no authority to exercise supervision and control over the work being performed, plaintiff raised a triable issue of fact to defeat that part of defendants' motion (see generally Lucas v KD Dev. Constr. Corp., 300 AD2d 634, 635 [2002]; Smith v Torre, 247 AD2d 896, 897 [1998]).

We further agree with plaintiff that the court erred in granting that part of defendants' motion with respect to the Labor Law § 240 (1) cause of action, and thus we modify the order accordingly. There is an issue of fact whether plaintiff was exposed to the requisite elevation-related hazard within the meaning of that section (see generally Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267-268 [2001]; Ortlieb v Town of Malone, 307 AD2d 679 [2003]; Van Eken v Consolidated Edison Co. of N.Y., 294 AD2d 352 [2002]; Panattoni v Inducon Park Assoc., 247 AD2d 823 [1998]).

We agree with defendants, however, that the court should have granted that part of their motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action in its entirety, and thus we further modify the order accordingly. Defendants are correct that the court erred in denying their motion with respect to the Labor Law § 241 (6) cause of action to the extent that is based on the alleged violation of 12 NYCRR 23-4.2 (g). Pursuant to that regulation, the slopes of an excavation "shall be stripped and cleared of loose rock or any other material which may slide, fall, roll or be pushed upon any person located in such excavation." The concrete block did not fall as the result of the failure to strip or clear the slope, and thus that regulation is inapplicable.

Contrary to plaintiff's contention, the court properly granted defendants' motion with respect to the Labor Law § 241 (6) cause of action to the extent that it is based on the alleged violation of 12 NYCRR 23-2.1 (a) (2). Pursuant to that regulation, "[m]aterial and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge." Even assuming, arguendo, that the regulation applies with respect to the trench in which plaintiff was working, we conclude that the regulation does not apply with respect to plaintiff's accident because plaintiff was injured by a concrete block that was being unloaded directly from a delivery truck into the trench. Thus, plaintiff was not

injured by material or equipment placed or stored near the edge of the trench (*see Flihan v Cornell Univ.*, 280 AD2d 994 [2001]). Also contrary to plaintiff's contention, the court properly granted defendants' motion with respect to the Labor Law § 241 (6) cause of action to the extent that it is based on the alleged violation of 12 NYCRR 23-4.2 (f). The concrete block did not constitute "[e]xcavated material and other superimposed loads," and thus that regulation, which requires that such material or loads be placed "at least 24 inches back from the edges of any open excavation," does not apply to plaintiff's accident.

We have considered the parties' remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Martoche and Smith, JJ.