■ GULZAR SAJID, Appellant, v TRIBECA NORTH ASSOCIATES L.P., et al., Respondents, et al., Defendant. TRIBECA NORTH ASSOCIATES L.P., et al., Third-Party Plaintiffs, v FARATONE INTERNATIONAL TRADING & CONTRACTING et al., Third-Party Defendants-Respondents. [799 NYS2d 33]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 21, 2003, which, to the extent appealed from as limited by the briefs, granted third-party defendants' motion for summary judgment dismissing plaintiff's claims under Labor Law § 240 (1) and § 241 (6), and order, same court and Justice, entered January 6, 2004, which, upon reargument, dismissed the remaining causes of action under Labor Law § 200 and for common-law negligence, and granted judgment dismissing the complaint, affirmed, without costs.

While working at a building undergoing renovation, plaintiff suffered a crush injury to his finger as he and two coworkers lost control of a hoist counterweight they were attempting to lift and dismantle. The Labor Law § 240 (1) cause of action was properly dismissed because the counterweight was at waist level and fell only eight inches onto plaintiff's finger. The counterweight was not elevated above the work site, nor did plaintiff's activities involve the extraordinary elevation-related risks contemplated by the statute (*see Melo v Consolidated Edison*

*Co. of N.Y.*, 92 NY2d 909 [1998]; *see also Rodriguez v Tietz Ctr. for Nursing Care*, 84 NY2d 841 [1994]).

The Labor Law § 241 (6) cause of action was properly dismissed because the Industrial Code section upon which plaintiff relies (12 NYCRR 23-1.5 [c] [1]) is a general safety directive, insufficient as a predicate for such liability (*see Maldonado v Townsend Ave. Enters.*, 294 AD2d 207 [2002]; *Sihly v New York City Tr. Auth.*, 282 AD2d 337 [2001], *lv dismissed* 96 NY2d 897 [2001]; *Hawkins v City of New York*, 275 AD2d 634 [2000]).

The Labor Law § 200 and common-law negligence claims were properly dismissed because there was no evidence that defendants exercised supervisory control over the work in which plaintiff was injured (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). Concur—Buckley, P.J., Marlow, Gonzalez and Sweeny, JJ.

Ellerin, J., concurs in part and dissents in part in a separate memorandum as follows: I concur in the majority's affirmance of the dismissal of plaintiff's Labor Law § 240 (1) claim and his Labor Law § 200 and common-law negligence claims. However, I would reverse the dismissal of plaintiff's Labor Law § 241 (6) claim.

Of the conflicting decisions issued by this Court as to whether the Industrial Code provision on which plaintiff relies is sufficiently specific to constitute a predicate for a Labor Law § 241 (6) claim, I would follow those that hold that a mandate to employers to insure that equipment is in good repair and in safe working condition (12 NYCRR 23-1.5 [c] [1]) is sufficiently specific (*see Gonzalez v United Parcel Serv.*, 249 AD2d 210 [1998]; *McCormack v Helmsley-Spear, Inc.*, 233 AD2d 203 [1996]), particularly in view of plaintiff's safety expert's statement that the stone that was used as a counterweight and caused plaintiff's injury was not a standard counterweight, in that it had no hand holes or handles to permit it to be lifted and placed without exposing the hands or fingers to crush-type injuries, and that its use violated section 23-1.5 (c) (1).