OPINION OF THE COURT
Per Curiam.
Orders entered April 30, 2002 and June 26, 2003, to the extent appealable, affirmed, with $10 costs.
Plaintiff, employed by nonparty beverage distributor Keystone Coca-Cola to stock store shelves, sustained injuries while removing soda from a storage area owned by defendant supermarket when he allegedly fell from stacked cases of soda. Plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200 and 376. Defendant supermarket established its entitlement to summary judgment dismissing the complaint, upon its showing that it did not have the contractual or other actual authority to control or supervise the activity bringing about plaintiffs injury (see Vaneer v 993 Intervale Ave. Hous. Dev. Fund Corp., 5 AD3d 161 [2004]; Scott v American Museum of Natural History, 3 AD3d 442 [2004]). In this regard, the record shows that plaintiffs employer solely controlled the “methods and means” of plaintiffs work, including delivery, stacking, wrapping, unpacking and retrieval of the soda for display on the shelves (see Landa v City of New York, 17 AD3d 180 [2005]; Anderson v Bush Indus., 280 AD2d 949 [2001]). Defendant’s designation of storage space, without any further direction or supervision, is insufficient to impose liability (see Reilly v Newireen Assoc., 303 AD2d 214 [2003]). The affirmation submitted in support of renewal allegedly establishing notice of the defective condition of piled or stacked cases of soda does not warrant a different result. The height of the stacked cases was not a defect inherent in the property, but rather was created by the manner in which plaintiffs employer performed its work. Plaintiff’s employer was exclusively responsible for providing a forklift or other device in the event that its employee was unable to reach the supply. Accordingly, defendants cannot be held responsible under Labor Law § 200, even if they had constructive notice of the height of the cases of soda (see *41 Dalanna v City of New York, 308 AD2d 400 [2003]). The allegation that an employee of defendant supermarket may have cut the plastic wrapping on the cases of soda, thereby creating a defective condition, is purely speculative and insufficient to defeat summary judgment (see Thomas v Our Lady of Mercy Med. Ctr., 289 AD2d 37, 38 [2001]).
Suarez, EJ., McCooe and Schoenfeld, JJ., concur.