■ ROGER C. MAHONEY, JR., Respondent, v MADEIRA ASSOCIATES, Respondent-Appellant, MOUNTAIN VALLEY LUMBER CO., INC., Appellant-Respondent, and LOG KNOWLEDGE, INC., Appellant, et al., Defendant. [822 NYS2d 190]—

Appeals and cross appeal from an order of the Supreme Court, Seneca County (W. Patrick Falvey, A.J.), dated May 31, 2005 in a personal injury action. The order, among other things, granted that part of plaintiff's cross motion for leave to amend the bill of particulars, denied in part the motion of defendant Mountain Valley Lumber Co., Inc. for summary judgment dismissing the amended complaint against it, and denied in part the cross motions of defendants Madeira Associates and Log Knowledge, Inc. for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying

plaintiff's cross motion in its entirety, granting that part of the cross motion of defendant Madeira Associates with respect to the Labor Law § 241 (6) claim to the extent that it is based upon the alleged violation of 12 NYCRR 23-1.5 and dismissing that claim to that extent against it, and granting that part of the cross motion of defendant Mountain Valley Lumber Co., Inc. for summary judgment dismissing the cross claim for contractual indemnification against it and dismissing that cross claim against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when a sledgehammer left on top of a log purlin fell and struck him on the head. Defendants Mountain Valley Lumber Co., Inc. (Mountain Valley) and Log Knowledge, Inc. (Log Knowledge) were logging contractors for the construction of a lodge on property owned by defendant Madeira Associates (Madeira). Mountain Valley moved and cross-moved for summary judgment dismissing the amended complaint and cross claims against it, and Log Knowledge cross-moved for summary judgment dismissing the complaint and cross claims against it. Madeira cross-moved for summary judgment dismissing the amended complaint against it as well as for summary judgment on its cross claims for breach of contract and indemnification against Mountain Valley. Plaintiff cross-moved for, inter alia, leave to amend the bill of particulars.

Contrary to the contentions of Mountain Valley and Log Knowledge, Supreme Court properly denied those parts of their motion and cross motion for summary judgment dismissing the respective common-law negligence causes of action against them. Those defendants failed to meet their initial burden of establishing that they did not create the dangerous condition, and thus they failed to establish their entitlement to judgment as a matter of law (*see Giangrosso v Kummer Dev. Corp.*, 8 AD3d 1037, 1037-1038 [2004]). Contrary to the contention of Madeira, the court properly denied that part of its cross motion for summary judgment dismissing the common-law negligence cause of action and Labor Law § 200 claim against it because it failed to establish that it did not supervise or control the work of the logging contractors or the general condition of the premises, and it failed to establish that it did not have constructive notice of the dangerous condition (*see Finger v Cortese*, 28 AD3d 1089, 1090-1091 [2006]; *Perry v City of Syracuse Indus. Dev. Agency*, 283 AD2d 1017 [2001]; *Miller v Wilmorite, Inc.*, 231 AD2d 843, 844 [1996]).

We reject the contention of Madeira that the court erred in

denying that part of its cross motion for summary judgment dismissing the Labor Law § 241 (6) claim against it to the extent that it is based upon the alleged violation of 12 NYCRR 23-1.8 (c) (1). Madeira contended in support of that part of its cross motion that the regulation is not applicable to the facts of this case but failed to meet its burden of establishing that it does not apply.

We agree with Madeira, however, that the court erred in granting that part of plaintiff's cross motion for leave to amend the bill of particulars to allege the violation of 12 NYCRR 23-2.1 (a) (2) with respect to Labor Law § 241 (6), and we therefore modify the order accordingly. That regulation provides in relevant part that "[m]aterial and equipment shall not be placed or stored so close to any edge of a floor, platform or scaffold as to endanger any person beneath such edge" (12 NYCRR 23-2.1 [a] [2]). Section 23-2.1 (a) (2) is inapplicable here because the sledgehammer did not fall from a floor, platform or scaffold (*see generally Luckern v Lyonsdale Energy Ltd. Partnership*, 281 AD2d 884, 886 [2001]; *Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003 [1996]). We also agree with Madeira that the court erred in denying that part of its cross motion with respect to the section 241 (6) claim to the extent that it is based upon the alleged violation of 12 NYCRR 23-1.5. That regulation is a general safety standard and thus is insufficient to support the Labor Law § 241 (6) claim (*see Murray v Lancaster Motorsports, Inc.*, 27 AD3d 1193, 1195 [2006]). We therefore further modify the order accordingly.

We reject the contentions of Mountain Valley and Madeira that the court erred in denying those parts of Mountain Valley's cross motion and Madeira's cross motion with respect to the cross claim for breach of contract against Mountain Valley. We agree with the court that there is a triable issue of fact whether Madeira is an intended beneficiary of the contract between Mountain Valley and Robert J. Congel (*see Tasseff v Nussbaumer & Clarke*, 298 AD2d 877, 878 [2002]; *see generally Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45 [1985]). We conclude, however, that the court erred in denying that part of Mountain Valley's cross motion for summary judgment dismissing the cross claim of Madeira for contractual indemnification against Mountain Valley, and we therefore further modify the order accordingly. The subject contract expressly provides that its indemnification provisions "shall not inure to the benefit of anyone not a party [to] the Contract" (*see City of Olean v New York State Envtl. Facilities Corp.*, 213 AD2d 1018, 1019 [1995]). We have considered Madeira's remaining conten-

tion and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.