■ JUAN CARLOS GONZALEZ, Appellant-Respondent, v GLENWOOD MASON SUPPLY CO., INC., et al., Respondents-Appellants, and SUPERIOR BLOCK CORP., Respondent. BOVIS LEND LEASE, INC., Formerly Known as BOVIS CONSTRUCTION CORP., Sued Herein as BOVIS CONSTRUCTION, INC., et al., Third-Party Plaintiffs, v NEW TOWN CORP., Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. [839 NYS2d 74]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered September 25, 2006, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, granted defendants partial summary judgment dismissing that cause of action, denied so much of the cross motions by defendants and third-party defendant New Town seeking dismissal of the claim pursuant to Labor Law § 241 (6), failed to treat so much of those cross motions seeking dismissal of the Labor Law § 200 claim, and denied all but defendant Dyer the right to a conditional declaration of the right to indemnification, unanimously modified, on the law, the section 240 (1) cause of action reinstated as against Glenwood Mason Supply Co., Inc., Bovis Lend Lease Interiors, Inc. and Dyer Avenue Associates, LLC and plaintiff granted summary judgment as to liability as against said defendants, the section 241 (6) cause of action dismissed, the section 200 claim dismissed as against defendants Ferguson and Superior, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

Plaintiff was hit with a load of cinder blocks that became loose and fell on him as it was being hoisted from a flatbed truck by a fork boom and lowered onto a pallet near where he was standing. The load consisted of a cube of 96 blocks, was secured by layers of shrinkwrap, and weighed about 4,000 pounds. This elevation risk fell within the ambit of section 240, and warrants summary judgment (*cf. Toefer v Long Is. R.R.*, 4 NY3d 399 [2005]).

Bovis is not entitled to summary judgment on plaintiff's cause of action pursuant to Labor Law § 200, which is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). The statute also applies to agents of the owner or general contractor, who are in a position to exercise supervision and control over the work, thus enabling them to avoid or correct an unsafe condition. Third-party defendant New Town is not entitled to summary judgment with respect to the section 200 claim because it has not sustained the burden of establishing that it was not the statutory agent of the general contractor for the masonry work (*see Everitt v Nozkowski*, 285 AD2d 442 [2001]). Given the questions of fact regarding its negligence, Bovis is also not entitled to summary judgment on the claims and cross claims for indemnification.

Defendants are entitled to summary dismissal of the section 241 (6) claim because Industrial Code (12 NYCRR) § 23-2.1 (b); § 23-6.1 (b) and § 23-9.2 are not sufficiently specific to support a statutory violation under the circumstances (*see Sanatass v Consolidated Inv. Co., Inc.*, 38 AD3d 332 [2007]; *Quinlan v City of New York*, 293 AD2d 262 [2002]; *Phillips v City of New York*, 228 AD2d 570 [1996]; *cf. Tillman v Triou's Custom Homes*, 253 AD2d 254 [1999]), and 12 NYCRR subpart 23-8, 23-1.7 (a) (1) and 23-2.1 (a) are not applicable to stationary hoists.

Defendants Ferguson and Superior are entitled to summary dismissal of all Labor Law claims against them, as there is no evidence that they were owners, general contractors or agents. To the contrary, New Town, a subcontractor, purchased the blocks from Glenwood Mason Supply, which purchased the blocks from Superior and hired Ferguson to deliver them to the site.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.