■ GERARD FARRINGTON, Respondent, v BOVIS LEND LEASE LMB, INC., et al., Appellants. (And a Third-Party Action.) [857 NYS2d 236]—

In an action to recover damages for personal injuries, the defendants Bovis Lend Lease LMB, Inc., Columbia University, and Trustees of Columbia University in the City of New York appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 17, 2007, as denied that branch of their motion which was for summary judgment dismissing the Labor Law § 240 (1) cause of action insofar as asserted against them, and the defendants Feldman Lumber, Feldman Lumber Industries, Inc., and Samuel Feldman Lumber Co., Inc., separately appeal from so much of the same order as denied those branches of their separate motion which were for summary judgment dismissing the common-law negligence and Vehicle and Traffic Law § 388 (1) causes of action insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

On September 25, 2002 the plaintiff Gerard Farrington, employed by Universal Builders Supply, Inc. (hereinafter UBS), was working at property owned by the defendant Columbia University that was undergoing renovations. The construction project was managed by the defendant Bovis Lend Lease LMB, Inc. The plaintiff was working with a coworker unloading stacked wooden planks from a flatbed truck owned and loaded by the defendant Feldman Lumber. The wooden planks were located on top of stacks of plywood, and the top of the truck load was approximately seven feet high. The planks were longer than the plywood and extended out and over the base of plywood. The plaintiff's coworker, who stood on the back of the truck, angled the planks down and slid them off the truck to the plaintiff as he worked on the ground stacking them into a pile. As the plaintiff was bent over, some of the planks fell off the truck and struck him.

The plaintiff commenced this action against Feldman Lumber, Feldman Lumber Industries, Inc., and Samuel Feldman Lumber Co., Inc. (hereinafter collectively the Feldman defendants) and Bovis Lend Lease LMB, Inc., Columbia University, and Trustees of Columbia University in the City of New York (hereinafter collectively the Bovis defendants) alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6), and Vehicle and Traffic Law § 388 (1). The Bovis defendants commenced a third-party action against UBS, the plaintiff's employer, which was later discontinued.

The Supreme Court denied that branch of the Bovis defendants' motion which was for summary judgment dismissing the plaintiff's Labor Law § 240 (1) cause of action insofar as asserted against them and denied those branches of the Feldman defendants' motion which were for summary judgment dismissing the common-law negligence and Vehicle and Traffic Law 388 (1) causes of action insofar as asserted against them. We affirm.

The Bovis defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to the plaintiff's Labor Law § 240 (1) cause of action. Although Labor Law § 240 (1) generally does not apply when construction workers are injured by material which falls as it is being loaded onto or unloaded from a truck (see *Landa v City of New York,* 17 AD3d 180, 181 [2005]; *Rice v Board of Educ. of City of N.Y.,* 302 AD2d 578, 580 [2003]; *Cabezas v Consolidated Edison,* 296 AD2d 522, 523 [2002]), in the instant matter there are material issues of fact as to whether there was an elevation-related risk posed by the position of the planks when they fell and struck

the plaintiff and whether the Bovis defendants were obligated to provide additional safety devices to secure the planks while they were being unloaded (*see Francis v Foremost Contr. Corp.*, 47 AD3d 672 [2008]; *Mentesana v Bernard Janowitz Constr. Corp.*, 44 AD3d 721 [2007]; *Kobetitsch v P.M. Maintenance*, 308 AD2d 510, 512 [2003]). Accordingly, we need not consider the papers submitted by the plaintiff in opposition to the Bovis defendants' motion.

The Feldman defendants failed to demonstrate their entitlement to judgment as a matter of law with respect to the common-law negligence cause of action by establishing that the actions of their employees in loading the truck did not create an unreasonable risk of harm that was a proximate cause of the plaintiff's injuries (*see Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]; *Mennerich v Esposito*, 4 AD3d 399, 400 [2004]). Although they point to the plaintiff's deposition testimony that the planks stayed together after the band holding the stack together was removed, and thus infer that the planks were properly bundled, the Feldman defendants presented no evidence to demonstrate that the truck was loaded properly by its employees. Additionally, the record contains evidence that the manner in which the Feldman defendants' employees loaded the truck may have caused the planks to be unstable and at risk to fall. Thus, we need not consider the plaintiff's opposition.

The Feldman defendants' arguments that the Vehicle and Traffic Law § 388 (1) cause of action was barred are raised for the first time on appeal, and therefore we decline to reach them (*see Mazzola v City of New York*, 32 AD3d 906, 907 [2006]; *Ealey v City of New York*, 16 AD3d 543, 544 [2005]). Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.