[890 NYS2d 781]

WILLIAM E. FONTAINE, Plaintiff, v JUNIPER ASSOCIATES et al., Defendants.

Supreme Court, Bronx County, June 30, 2009

**APPEARANCES OF COUNSEL**

*Law Office of Thomas K. Moore*, White Plains (*Patrick Colligan* of counsel), for Juniper Associates and others, defendants. *Jacobson & Schwartz*, Rockville Centre (*Paul Goodovitch* and *Marc Schultz* of counsel), for Hall-Wollford Tank Co., defendant. *DeAngelis & Hafiz*, Mount Vernon (*Talay Hafiz* of counsel), for plaintiff.

**OPINION OF THE COURT**

LUCY BILLINGS, J.

## I. Background

This decision determines that, even though the Court of Appeals in *Toefer v Long Is. R.R.* (4 NY3d 399 [2005]) foreclosed liability under Labor Law § 240 (1) for a fall from a flatbed truck, plaintiff still may establish defendants' liability for materials that fell onto him from a flatbed above. Furthermore, even though the Appellate Division, First Department, in *Buckley v Columbia Grammar & Preparatory* (44 AD3d 263 [1st Dept 2007]), suggests that 12 NYCRR 23-2.1 (a) (2) applies only to stored material and equipment, section 23-2.1 (a) (2)'s second sentence protects against material and equipment being "*placed or* stored . . . close to any edge" (emphasis added) of a floor or platform and posing a risk of falling over the edge. *Buckley*, in contrast, focuses on subdivision (a) (2)'s first sentence, which does apply only to stored material and equipment and protects against a different risk: quantities or weights that exceed the carrying capacity of a floor or platform.

Based on Labor Law § 240 (1), 12 NYCRR 23-2.1 (a) (2), and related grounds, plaintiff sues to recover for personal injuries he sustained April 28, 2003, as he unloaded parts of a wooden water tank from a truck that defendant Hall-Wollford Tank Co. had loaded. The tank parts were being unloaded and installed at 311 West 43rd Street, New York County, premises owned by

defendants Juniper Associates, Durst Organization, Inc., and M & T Real Estate, Inc. Defendants Juniper Associates and Durst Organization move, and defendant Hall-Wollford Tank cross-moves, for summary judgment dismissing the complaint and all cross claims against each of these defendants. (CPLR 3212 [b].) Plaintiff cross-moves for summary judgment on the liability of Juniper Associates and Durst Organization under Labor Law § 240 (1). (CPLR 3212 [b], [e].) Defendant co-owner M & T Real Estate joins the motion by Juniper Associates and Durst Organization, without objection. Upon oral argument and after attempts to settle the action, the court grants plaintiff's and Hall-Wollford Tank's cross motions in their entirety and the motion by the remaining defendants to the limited extent set forth, but otherwise denies defendants' motion, for the reasons explained below.

II. Applicable Standards

To obtain summary judgment, the moving parties must make a prima facie showing of entitlement to judgment as a matter of law, through admissible evidence eliminating all material issues of fact. (CPLR 3212 [b]; *Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]; *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]; *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004]; *Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003].) If the moving parties satisfy this standard, the burden shifts to the opposing parties to rebut that prima facie showing, by producing evidence, in admissible form, sufficient to require a trial of material factual issues. (*Morales v D & A Food Serv.*, 10 NY3d 911, 913 [2008]; *Hyman v Queens County Bancorp, Inc.*, 3 NY3d 743, 744 [2004]; *Forrest v Jewish Guild for the Blind*, 3 NY3d at 315.) In evaluating the evidence for purposes of each motion, the court must accept the opposing parties' version of the facts as true and construe the evidence in the light most favorable to the opponents. (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 37 [2004]; *Forrest v Jewish Guild for the Blind*, 3 NY3d at 315.) If the moving parties fail to meet their initial burden, the court must deny summary judgment despite any insufficiency in the opposition. (*Roman v Hudson Tel. Assoc.*, 15 AD3d 227, 228 [1st Dept 2005]; *Potter v NYC Partnership Hous. Dev. Fund Co., Inc.*, 13 AD3d 83, 85 [1st Dept 2004].)

III. Labor Law § 240 (1) Claim

The undisputed evidence establishes that plaintiff was injured while standing next to a flatbed truck of his employer, Issek

Brothers, waiting to receive bundles of wood from a fellow Issek Brothers employee, which the workers were unloading for construction of a water tank. One of the bundles fell from approximately 1½ feet above plaintiff's head, struck him, and knocked him to the ground.

A failure to provide adequate safety devices to protect against construction work's elevation related hazards, as required by Labor Law § 240 (1), imposes absolute liability on defendant owners of the work site, if that failure proximately caused plaintiff's injury. (*Sanatass v Consolidated Inv. Co., Inc.*, 10 NY3d 333, 338 [2008]; *Albanese v City of New York*, 5 NY3d 217, 219 [2005]; *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004]; *Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287, 289 [2003].) Defendants Juniper Associates, Durst Organization, and M & T Real Estate thus are liable under Labor Law § 240 (1) even if they did not supervise or exercise control over the work site. (*Balbuena v IDR Realty LLC*, 6 NY3d 338, 361 n 8 [2006]; *Gordon v Eastern Ry. Supply*, 82 NY2d 555, 560 [1993]; *Dhillon v Bryant Assoc.*, 306 AD2d 40 [1st Dept 2003].) Defendants' liability depends on an elevation related hazard and the absence or failure of an adequate safety device. (*Berg v Albany Ladder Co., Inc.*, 10 NY3d 902, 904 [2008]; *Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267-268 [2001]; *Francis v Foremost Contr. Corp.*, 47 AD3d 672, 674 [2d Dept 2008]; *Mentesana v Bernard Janowitz Constr. Corp.*, 44 AD3d 721, 723 [2d Dept 2007].) Plaintiff claims the failure by Juniper Associates and Durst Organization to provide a forklift, another hoisting device, stays, blocks, braces, irons, or ropes as specifically listed in Labor Law § 240 (1), or another securing device such as stakes, violated the statute and caused his injury.

## A. Elevation Related Risk

Unloading material from a flatbed truck does not pose an elevation related hazard merely because of the flatbed's height above the ground. (*Landa v City of New York*, 17 AD3d 180, 181 [1st Dept 2005]; *Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d 624, 625 [2d Dept 2008]; *Cabezas v Consolidated Edison*, 296 AD2d 522, 523 [2d Dept 2002]; *Jacome v State of New York*, 266 AD2d 345, 346 [2d Dept 1999].) Thus, had plaintiff fallen from the truck, any resulting injury would not have constituted an elevation related risk. (*Toefer v Long Is. R.R.*, 4 NY3d at 405, 408; *Dilluvio v City of New York*, 95 NY2d 928, 929 [2000]; *Bond v York Hunter Constr.*, 95 NY2d 883, 884-885 [2000].)

Labor Law § 240 (1), however, protects against two categories of elevation related risks. It covers risks due to the "elevation . . . at which materials or loads must be positioned or secured" and the difference between the level where the worker is positioned and the higher level of the materials or load being secured, as well as risks due to the elevation at which the task must be performed and the difference between the level of the required work and a level below. (*Toefer v Long Is. R.R.*, 4 NY3d at 407; *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]; *see Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404, 406 [1st Dept 2007].) Plaintiff's work did not call for protection against the second category of risk, "a device . . . to prevent a worker from falling"; instead, his situation, where he was injured by a falling bundle of wood, called for a hoist or other device "to prevent the [bundles] themselves from doing damage." (*Toefer v Long Is. R.R.*, 4 NY3d at 408; *see Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d at 407-408; *Bush v Gregory/Madison Ave.*, 308 AD2d 360, 361 [1st Dept 2003]; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421, 422 [2d Dept 2006]; *Costa v Piermont Plaza Realty, Inc.*, 10 AD3d 442, 444 [2d Dept 2004].)

■ Plaintiff's injury from a bundle of wood that fell from above, even if only 1½ feet above plaintiff, thus constitutes a special elevation related hazard posed by the unloading, which is covered by Labor Law § 240 (1). (*Gonzalez v Glenwood Mason Supply Co., Inc.*, 41 AD3d 338, 339 [1st Dept 2007]; *Farrington v Bovis Lend Lease LMB, Inc.*, 51 AD3d at 625-626; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 621-622 [2d Dept 2003]; *Curley v Gateway Communications*, 250 AD2d 888, 890 [3d Dept 1998].) Although the elevation of an object falling only a few inches would not impose liability (*Modeste v Mega Contr., Inc.*, 40 AD3d 255 [1st Dept 2007]; *Sajid v Tribeca N. Assoc. L.P.*, 20 AD3d 301 [1st Dept 2005]), defendants' concession that the bundle fell from 1½ feet above plaintiff's head and from seven to eight feet above the ground where plaintiff was standing removes any impediment to finding an elevation related risk sufficient to impose liability. (*Brown v VJB Constr. Corp.*, 50 AD3d 373, 376 [1st Dept 2008]; *Gonzalez v Glenwood Mason Supply Co., Inc.*, 41 AD3d at 339; *see Mentesana v Bernard Janowitz Constr. Corp.*, 44 AD3d at 722; *Kobetitsch v P.M. Maintenance*, 308 AD2d 510, 512 [2d Dept 2003].)

Liability for falling objects, moreover, is not limited to falling objects in the process of being hoisted or secured, but encom-

passes materials or loads positioned at an elevation and being lowered from an elevation, which, in either situation, may require securing to prevent them from falling. (*Quattrocchi v F.J. Sciame Constr. Corp.*, 11 NY3d 757, 758-759 [2008]; *Outar v City of New York*, 5 NY3d 731, 732 [2005]; *Toefer v Long Is. R.R.*, 4 NY3d at 408; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d at 407-408.) The undisputed evidence that the bundles of wood were strapped into the truck bed for transport shows that they presented a foreseeable risk of tumbling over the edge of the truck bed when unstrapped and then disturbed during unloading. (*Outar v City of New York*, 5 NY3d at 732; *Buckley v Columbia Grammar & Preparatory*, 44 AD3d at 268-269; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d at 408; *Bush v Gregory/ Madison Ave.*, 308 AD2d at 361.) Plaintiff thus has demonstrated that the bundles of wood above him on the flatbed "required securing for the purposes of the undertaking," to prevent them from falling onto the workers as they were unloading the wood, which defendants have failed to rebut. (*Outar v City of New York*, 5 NY3d at 732; *Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d at 407; *Portillo v Roby Anne Dev., LLC*, 32 AD3d 421 [2006].)

## B. Lack of Safety Devices

Plaintiff bears the further burden, for purposes of his summary judgment motion, to demonstrate that defendants failed to provide an adequate safety device and that his injury resulted from the lack of an adequate safety device. (*Berg v Albany Ladder Co., Inc.*, 10 NY3d at 904; *Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]; *Clarke v Morgan Contr. Corp.*, 60 AD3d 523 [1st Dept 2009]; *Gallagher v New York Post*, 55 AD3d 488, 490 [1st Dept 2008].) Plaintiff testified at his deposition that the bundles of wood he was unloading were 1½ feet above him, and one of them fell from the flatbed and struck him. Robert Riepen, Hall-Wollford Tank's foreman, testified at his deposition that the bundles originally were loaded onto the flatbed by a forklift. Plaintiff thus has also demonstrated that the absence of a forklift or other hoisting device for the unloading or, alternatively, an adequate securing device, such as stays, blocks, braces, irons, or ropes, caused his injury. (*Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d at 408; *Francis v Foremost Contr. Corp.*, 47 AD3d at 674; *Mentesana v Bernard Janowitz Constr. Corp.*, 44 AD3d at 723.) Defendants have not rebutted this showing either.

(*Clarke v Morgan Contr. Corp.*, 60 AD3d 523 [2009]; *Figueiredo v New Palace Painters Supply Co. Inc.*, 39 AD3d 363 [1st Dept 2007]; *Mendoza v Bayridge Parkway Assoc., LLC*, 38 AD3d 505, 506-507 [2d Dept 2007]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d at 621-622; *see Portillo v Roby Anne Dev., LLC*, 32 AD3d at 422.)

IV. Labor Law § 200 and Ordinary Negligence Claims

When a dangerous condition arising from a contractor's work caused plaintiff's injury, defendant work site owners may be liable for negligently allowing that condition and violating Labor Law § 200, if they supervised or exercised control over the activity that caused plaintiff's injury. (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]; *Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 307 [1st Dept 2007]; *Landa v City of New York*, 17 AD3d at 182; *McGuinness v Hertz Corp.*, 15 AD3d 160, 161 [1st Dept 2005].) Defendants' direct oversight or control of plaintiff's work or its safety thus would establish the requisite exercise of supervisory authority. (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]; *Havlin v City of New York*, 17 AD3d 172, 173 [1st Dept 2005].)

Plaintiff admitted in his deposition testimony that defendants did not supervise or control his work. Since defendants' supervisory control was lacking, as plaintiff conceded at oral argument, defendants are not liable for violating Labor Law § 200 or for ordinary negligence. (*Singh v Black Diamonds LLC*, 24 AD3d 138, 140 [1st Dept 2005]; *Havlin v City of New York*, 17 AD3d at 172-173; *Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003]; *Reilly v Newireen Assoc.*, 303 AD2d 214, 219 [1st Dept 2003].)

V. Labor Law § 241 (6) Claim

The duty to comply with the regulations under Labor Law § 241 (6) is nondelegable, subjecting defendant owners to liability for a violation even if they exercised no supervision or control over plaintiff's work site and had no notice of work site conditions. (*Balbuena v IDR Realty LLC*, 6 NY3d at 361 n 8; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d at 878; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-503 [1993].) While a failure to take the safety measures required by this statute, proximately causing injury, does not impose absolute liability absent negligence, the statute imposes liability on defendant owners for injuries caused by another party's negligence regardless of defendants' own negligence. (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d at 349-350; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 502 n 4.)

■ Plaintiff rests his Labor Law § 241 (6) claim primarily on 12 NYCRR 23-2.1 (a) (2), which is sufficiently specific to support that claim. (*Flihan v Cornell Univ.*, 280 AD2d 994 [4th Dept 2001]; *see Buckley v Columbia Grammar & Preparatory*, 44 AD3d at 271-272; *Mahoney v Madeira Assoc.*, 32 AD3d 1303, 1305 [4th Dept 2006]; *McCombs v Cimato Enters., Inc.*, 20 AD3d 883, 884-885 [4th Dept 2005].) This provision requires that

"[m]aterial and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold. Material and equipment shall not be *placed or* stored so close to the edge of a floor, platform or scaffold as to endanger any person beneath such edge." (12 NYCRR 23-2.1 [a] [2] [emphasis added].)

Defendants have not established that the bundles placed in the truck bed three inches from its edge were not "placed . . . so close to the edge of [the truck] floor [or] platform . . . as to endanger any person beneath such edge," where plaintiff was standing, as the second sentence of section 23-2.1 (a) (2) requires. (*See Mahoney v Madeira Assoc.*, 32 AD3d at 1305; *McCombs v Cimato Enters., Inc.*, 20 AD3d at 884.)

Although controlling authority might suggest that all of 12 NYCRR 23-2.1 (a) (2) applies only to stored material and equipment, that authority focuses on that paragraph's first sentence, which is so limited and protects against quantities or weights that exceed the carrying capacity of a floor or platform. (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d at 272; *Flihan v Cornell Univ.*, 280 AD2d 994 [2001].) Section 23-2.1 (a) (2)'s second sentence, in contrast, applies to material and equipment "placed or stored . . . close to the edge" of a floor or platform and protects against the material or equipment falling over the edge. The authority that finds subdivision (a) (2) inapplicable involves material or equipment that was neither stored nor placed on a "floor, platform or scaffold" (*Mahoney v Madeira Assoc.*, 32 AD3d at 1305), or was not placed close to an edge, and broke loose for reasons unrelated to capacity or falling over an edge. (*Buckley v Columbia Grammar & Preparatory*, 44 AD3d at 265; *McCombs v Cimato Enters., Inc.*, 20 AD3d at 884-885; *Flihan v Cornell Univ.*, 280 AD2d 994 [2001].)

Plaintiff alleges violations of other regulatory provisions under Labor Law § 241 (6), but does not address whether they impose a sufficiently specific mandate applicable to the circum-

stances of his injury. Thus he fails to meet his burden to rebut defendants' showing that these provisions do not support his Labor Law § 241 (6) claim. (*Kagan v BFP One Liberty Plaza,* 62 AD3d 531, 532 [1st Dept 2009]; *Wegner v State St. Bank & Trust Co. of Conn. Natl. Assn.,* 298 AD2d 211, 212 [1st Dept 2002]; *Mazzocchi v International Bus. Machs.,* 294 AD2d 151, 152 [1st Dept 2002]; *Vieira v Tishman Constr. Corp.,* 255 AD2d 235 [1st Dept 1998]; *see Modeste v Mega Constr., Inc.,* 40 AD3d at 256; *Smith v Fayetteville-Manlius Cent. School Dist.,* 32 AD3d 1253, 1254 [4th Dept 2006].)

VI. Hall-Wollford Tank's Liability

Defendant Hall-Wollford Tank's foreman Riepen testified that he supervised its employees at its plant in Philadelphia, Pennsylvania, as they loaded the wood by forklift onto the truck owned by plaintiff's employer. The evidence establishes, however, that Hall-Wollford Tank employees did not secure the wood for transport or supervise or control this task, which Issek Brothers' truck driver performed with nylon binding straps. Nor did Hall-Wollford Tank employees remove the binding straps from the wood for unloading or supervise or control plaintiff in the unloading. Only Issek Brothers' employees performed this task as well.

Plaintiff claims that Hall-Wollford Tank, by stacking the bundles of wood three inches from the edge of the flatbed, created a dangerous condition in violation of 12 NYCRR 23-2.1 (a) (2) and that the duty fell to Hall-Wollford Tank to place wooden stakes or another device to secure the load and to instruct the driver to use a forklift for unloading. No evidence establishes, however, that, once Issek Brothers' driver secured the load with nylon binding straps, the bundles' placement close to the edge of the flatbed posed a danger or that stakes or other devices also were needed to secure the load, let alone that Hall-Wollford Tank undertook a duty to secure the load.

Instead, the evidence shows that the bundles only posed a danger once Issek Brothers' employees removed the binding straps. At that point, when Hall-Wollford Tank employees were back in Philadelphia, had finished their loading task days before, and were completely disassociated from the unloading process, it may have required placement of stakes, another securing device, a forklift, or another hoisting device.

Since Hall-Wollford Tank was uninvolved in the unloading process that may have required safety measures under Labor Law §§ 200, 240 (1) or 241 (6), this defendant is not subject to

liability for violation of any of these statutes or for negligently failing to provide for a safe unloading process. Nor is Hall-Wollford Tank subject to liability under section 240 (1) or section 241 (6) absent this defendant's negligence, as Hall-Wollford Tank was not an owner or general contractor of plaintiff's work site or an agent of an owner or general contractor. (*Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 293; *Bauer v Female Academy of Sacred Heart*, 97 NY2d 445, 451 [2002].)

VII. Conclusion

For the reasons discussed above, the court grants plaintiff's cross motion for summary judgment on liability against defendants Juniper Associates and Durst Organization, Inc., under Labor Law § 240 (1), and defendant Hall-Wollford Tank Co.'s cross motion for summary judgment dismissing all claims against this defendant. The court grants the motion for summary judgment by defendants Juniper Associates, Durst Organization, and M & T Real Estate, Inc., only to the extent of dismissing plaintiff's claims under Labor Law § 200, for ordinary negligence, and under Labor Law § 241 (6) insofar as plaintiff relies on any regulatory provision other than 12 NYCRR 23-2.1 (a) (2). (CPLR 3212 [b], [e].)