■ ROMOLO CORBI et al., Respondents, v AVENUE WOODWARD CORP., Doing Business as ATLANTIC SCAFFOLD, INC., et al., Appellants. (And Other Actions.) [688 NYS2d 523] —Orders, Supreme Court, New York County (Harold Tompkins, J.), entered April 8, 1998 and on or about May 13, 1998, which denied defendants-appellants' motion and cross motion for summary judgment dismissing plaintiffs' personal injury action and denied that branch of the cross motion of defendants Bankers Trust and Fisher Liberty Company for summary judgment upon their cross claims for indemnification from defendant Atlantic Scaffold, unanimously affirmed, without costs.

The IAS Court's 30-day deadline for the filing of summary judgment motions was manifestly fair and reasonably designed to move this long-delayed case forward. As seems apparent, defendants were well aware of the court's directive and failed to abide by it. We perceive no basis to disturb the court's orders denying defendants' motions as untimely.

Were we to reach the merits of defendants' motions for summary judgment, which the IAS Court never reached, we would find that plaintiffs have sufficiently alleged viable causes of action under Labor Law §§ 200, 240 and 241. Plaintiff, while descending a scaffold staircase, while carrying his tools, tripped on a painted-over chunk of dried concrete that was stuck to the step, causing him to twist and injure his knee and fall on the stairs. After dropping his tools, he was able to grab onto the stairway railing. Plaintiffs have set forth a prima facie case pursuant to Labor Law § 240 (1) that the injury was elevation and gravity related and caused by and sustained while on a defective and dangerously made and/or maintained scaffold. Likewise, they allege a specific non-delegable duty and standard of conduct under 12 NYCRR 23-1.7 (e) (1) and (2) which they contend was violated and which supports the Labor Law § 241 (6) claim. Finally, because, *inter alia*, the dried concrete on the scaffold stairway had been covered with blue paint,

there is a factual issue as to whether this negligent and dangerous condition was present when the scaffold was painted and installed by Atlantic Scaffold or occurred at a later date. Thus, sufficient evidence has been shown to support plaintiffs' Labor Law § 200 claim. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.