■ RICHARD HOLLOWAY, Respondent-Appellant, v SACKS AND SACKS, ESQS., et al., Appellants. SACKS AND SACKS, ESQS., et al., Third-Party Plaintiffs-Appellants, v HOME INSURANCE COMPANY, Third-Party Defendant, and CHICAGO INSURANCE COMPANY, Third-Party Defendant-Respondent. [713 NYS2d 162] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 16, 1999, which denied defendants' motion for summary judgment dismissing plaintiff's malpractice action, granted plaintiff's motion for partial summary judgment on the issue of liability, granted third-party defendant Chicago Insurance's motion for summary judgment on its counterclaim for rescission, and denied defendant's motion for summary judgment seeking a declaration that Chicago Insurance had a duty to defend and indemnify, unanimously modified, on the law, to deny third-party defendant Chicago Insurance's motion for summary judgment on its counterclaim for rescission and to grant defendants' motion for summary judgment on their motion for summary judgment seeking a declaration that Chicago Insurance has a duty to defend and indemnify, and otherwise affirmed, without costs.

Plaintiff was represented by defendants in a personal injury action based upon Labor Law § 240 (1) and § 241 (6). A former firm associate commenced an action on behalf of plaintiff, voluntarily discontinued it since he had named an incorrect party and failed to refile prior to the expiration of the Statute of Limitations. In September 1996, that associate was discovered by

the firm to have been stealing from the firm and its clients, and to have seriously mishandled at least five matters, including plaintiff's case.

On his motion for summary judgment plaintiff had the burden of demonstrating that but for the firm's negligence he would have prevailed (*Santamarina v Citrynell*, 203 AD2d 57, 58-59; *Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood*, 170 AD2d 108, 114, *affd* 80 NY2d 377). Plaintiff's injuries, sustained when he was walking down scaffold stairs and tripped on planking which extended beyond a stair tread, were clearly "gravity related" (*Corbi v Avenue Woodward Corp.*, 260 AD2d 255; *see also, Dominguez v Lafayette-Boynton Hous. Corp.*, 240 AD2d 310). Partial summary judgment is also affirmed on the basis of Labor Law § 241 (6) since it is undisputed that there existed an obstruction or condition within the passageway which caused plaintiff to trip. This constituted a violation of 12 NYCRR 23-1.7 (e) (1) on which plaintiff could have recovered damages (*Boss v Integral Constr. Corp.*, 249 AD2d 214; *cf., Farina v Plaza Constr. Co.*, 238 AD2d 158).

Chicago Insurance's motion should not have been granted since there is no evidence that defendants had either actual or constructive knowledge of the former associate's mishandling of plaintiff's case. From 1988 through 1995, defendants were insured for malpractice by Home Insurance; Chicago Insurance provided insurance from 1995 until 1997. In March 1996, a renewal application was submitted to Chicago Insurance in which defendants represented that inquiry had been made to all partners, officers and professional employees and that no circumstances had been reported in response to that inquiry which would result in a claim for malpractice being made. It is undisputed that the partner who made that inquiry truthfully reported to Chicago Insurance the outcome of his inquiry.

While an innocently made material misrepresentation may serve to void an insurance contract (*Tennenbaum v Insurance Corp.*, 179 AD2d 589, 592), the precise issue here is whether the defendants should have had actual or constructive knowledge of the former associate's misconduct. There was no actual knowledge on the part of the inquiring partner and there is insufficient evidence on which he or the firm could be deemed to have had constructive knowledge. The former associate concealed his misconduct and there is no basis for either imputing his knowledge to defendants or for finding that they should have known of such misconduct. As soon as defendants learned of his misconduct they immediately informed plaintiff and the insurer. Defendants were entitled to defense and indemnifica-

tion. Concur—Tom, J. P., Ellerin, Rubin, Andrias and Buckley, JJ.