(February 10, 2005)

■ Victor Roman, Plaintiff, v Hudson Telegraph Associates et al., Defendants. (And a Third-Party Action.) Victor Roman, Appellant, v Barnard College et al., Respondents, et al., Defendant. (And Other Actions.) [791 NYS2d 6]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 14, 2003, which, insofar as appealed from as limited by the briefs, granted motions by defendants general contractor and premises owner for summary judgment dismissing as against them plaintiff's cause of action under Labor Law § 241 (6), unanimously reversed, on the law, without costs, the motions denied and the complaint reinstated as against said defendants.

Plaintiff's work assignment required that he climb a ladder to a catwalk. In carrying out this assignment, plaintiff descended a second ladder, some 20 feet away from the first, and, reaching the bottom, tried to step around some folded tarps and cement bags he had noticed on the floor. In doing so, plaintiff stepped into a mortar pan that he had not noticed, which flipped up and hit his knee, causing him to fall and sustain injury. The section 241 (6) claim is based on Industrial Code (12 NYCRR) § 23-1.7 (e), which requires removal of tripping hazards from "[p]assageways" (para [1]) and "[w]orking areas" (para [2]).

Based on this record, defendants, with respect to paragraph (1), have failed to make a prima facie showing that plaintiff did not trip in a passageway (*see Holloway v Sacks & Sacks*, 275 AD2d 625, 626 [2000], *lv denied* 95 NY2d 770 [2000]). Defendants also failed to sustain their burden on summary judgment that paragraph (2) does not apply to plaintiff's accident. The only evidence defendants offered in support of their respective motions was the deposition testimony of the owner's director of facilities, who stated that on the day of the accident, there was renovation work in the area where plaintiff was injured. The owner's counsel's conclusion that, based on the director's testimony, the materials were an integral part of the construction work is wholly speculative. Counsel's conclusory assertions are devoid of evidentiary fact, and as such, are insufficient to sustain defendants' burden on their respective motions (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Smith v Johnson Prods. Co.*, 95 AD2d 675 [1983]).

Where, as here, the moving party has not met the initial burden of setting forth evidentiary facts sufficient to establish entitlement to judgment as a matter of law, the motion must be denied. There is no necessity for the opposing party to respond with evidentiary proof (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Concur—Buckley, P.J., Mazzarelli, Andrias, Marlow and Catterson, JJ.