| Estate of Baker |
|:---:|
| 2024 NY Slip Op 33966(U) |
| October 18, 2024 |
| Surrogate's Court, Bronx County |
| Docket Number: File No. 2020-1091/B |
| Judge: Nelida Malave-Gonzalez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT, BRONX COUNTY

October 18, 2024

ESTATE OF PATRICK BAKER, Deceased
File No.: 2020-1091/B

Trudy Ann Baker ("Petitioner"), as administrator of the estate of her father, Patrick Baker (the "Decedent"), commenced this turnover proceeding against Santander Bank, N.A. ("Santander") to recover funds that the Decedent's sister, Eileen Trott ("Trott") allegedly misappropriated due to Santander's negligence. Petitioner now moves for summary judgment directing Santander to pay the estate the full amount of those funds, plus interest. In opposition, Santander cross-moves for summary judgment, asking the court to dismiss this proceeding, with prejudice.

The court considered the following papers in connection with the motion and cross-motion:  Petitioner's "Notice of Motion for Summary Judgment," dated January 9, 2024; the Affirmation of Oshrie Zak, Esq., bearing no date, and its attached exhibits; Santander's "Notice of Cross Motion for Summary Judgment" dated February 26, 2024; the Affirmation of Trevor Fobbs dated February 10, 2024; the Affirmation of Russell Finestein, dated February 26, 2024, and its attached exhibits; Santander's Memorandum of Law dated February 26, 2024; the Affirmation of Oshrie Zak, Esq., dated April 8, 2024; and Santander's Reply Memorandum of Law dated May 22, 2024.

**BACKGROUND**

The decedent died intestate on April 24, 2020 at the age of 61, survived by Petitioner as his sole distributee.  Prior to his death, the Decedent commenced a negligence action in the Bronx Supreme Court.  The action settled for $750,000.00, and

after the deduction of attorneys' fees, costs and disbursements, the Decedent's law firm in the action issued him a settlement check, dated October 25, 2018 and solely payable to the Decedent, in the amount of $481,661.90 (the "Settlement Check").

At the heart of this proceeding are the circumstances of the Settlement Check's deposit into a Santander account on December 4, 2018. On that date (i) the Decedent and Trott opened a joint account at Santander (the "Joint Account"); (ii) Trott opened an account titled solely in her own name (the "Trott Account"); and (iii) the Settlement Check was deposited into the Trott Account.

According to Petitioner, the Decedent wanted Santander to deposit the Settlement Check into the Joint Account. Santander counters that the Decedent directed it to put the funds into the Trott Account. Neither side has produced any witnesses with specific knowledge of what occurred when the Settlement Check was deposited. Instead, as discussed below, each side relies on Santander's "Confirmation of Endorsement Form" (the "COE Form") which was apparently executed by the Decedent contemporaneously with the deposit of the Settlement Check, as proof of their respective positions.

It is not disputed that after the Decedent died, Trott withdrew all of the funds in the Trott Account, wiring them to England, where she resides. On October 19, 2020, Petitioner commenced a turnover proceeding in this court to recover the Settlement Funds (File Number 2020-1091/A). Neither Trott nor Santander appeared in that proceeding and their respective defaults resulted in a decree directing Santander to deliver to the Decedent's estate the sum of $481,660.91, or such lesser amount that remained in the Trott Account. The decree further ordered that if there is less than

2

$481,660.91 in the Trott Account, Trott was personally liable to pay any deficiency to the Decedent's estate, together with statutory interest at 9% from the Decedent's date of death. As all of the monies in the Trott Account had been withdrawn prior to the issuance of the decree, Santander had no financial liability to the estate under the decree. To date, Trott has not turned over any portion of the funds she withdrew from the Trott Account.

In this proceeding, Petitioner essentially seeks to impose joint and several liability upon Santander for the funds misappropriated by Trott, on the basis that this conversion only occurred because Santander negligently allowed Trott to deposit the Settlement Check into the Trott Account. A Note of Issue having been filed, Petitioner and Santander now separately seek summary judgment granting dispositive relief.

## PETITIONER'S ARGUMENTS

Petitioner puts forth essentially five arguments through attorney affirmations which incorporate, by reference, her deposition testimony.

First, Petitioner argues that if Santander had not failed to exercise the due diligence required under the Bank Secrecy Act's "Know Your Customer" protocols, it would have realized that Trott was in a confidential relationship with the Decedent, acting not only as his caretaker but maintaining complete custody and control over him due to his being afflicted with prostate cancer. Because Santander failed to reasonably exercise proper due diligence to ascertain the Decedent's circumstances, it negligently allowed the Settlement Check to be deposited into the Trott Account.

Second, Petitioner claims that the Decedent's endorsement on the Settlement Check is forged, as evidenced by: (i) the name "Patrick Baker" is printed on the back of

3

[* 3]

the check, not written in cursive as it is on his Driver's License, which Santander has on record and (ii) the Decedent could not have been present at the Santander Bank's Parkchester branch (the "Branch") when the Settlement Check was deposited, as alleged by Santander, because the COE Form was utilized, and according to Santander's internal policy a COE Form would only have been necessary if the Decedent had not been physically present in the Branch to deposit the instrument.

Third, Petitioner alleges that subpoenaed personnel records of Kenyatta Miller, a former Santander employee who signed the COE Form as a witness, indicate she was fired for negligent acts that included her role in the deposit of the Settlement Check. According to Petitioner, Miller's termination is an admission of Santander's liability regarding its handling of the Settlement Check. Petitioner further suggests that Santander refused to produce Miller for a deposition because it knew her testimony would harm its case.

Fourth, Petitioner asserts that Santander's conduct constituted negligence *per se* as the Decedent's blank endorsement of the Settlement Check is not permitted under New York Uniform Commercial Code § 3-419 ("UCC 3-419"). Petitioner claims Santander violated reasonable banking practices by negotiating the Settlement Check without an endorsement directing where it should be deposited.

Lastly, Petitioner maintains that the COE Form clearly directs Santander to deposit the Settlement Check Proceeds into the Joint Account rather than the Trott Account. Petitioner focuses on the COE Form's checkbox section which reads and appears as follows (the "Check Box Language"):

> "*I represent and warrant that I endorsed the foregoing check and transferred it to <u>Eileen Trott Patrick Baker</u> [name of depositor customer].*

4

## SANTANDER'S ARGUMENTS

According to Santander, Petitioner's various allegations are contained in an affirmation of counsel with no personal knowledge, submitted in improper form and without any supporting documentation other than Petitioner's deposition testimony, which actually contradicts the statements in the attorney's affirmation.

Referring to Petitioner's deposition, Santander highlights that she testified: (i) Trott was not the Decedent's caretaker, did not live with him or visit him often; (ii) Trott had a normal sibling relationship with the Decedent; (iii) the Decedent never asked her to help him handle his finances; (iv) the Decedent kept his own financial records, which he locked in his bedroom; (v) the Decedent never disclosed to Petitioner that he was involved in a lawsuit or that he had received the Settlement Check; and (vi) Petitioner did not find out that the Decedent had prostate cancer until six days before he died.

Moreover, Santander avers that the banking records it produced show that (i) the Decedent did his own banking (the records include checks deposited at the Branch that were endorsed by the Decedent) and (ii) Decedent went to the Branch on an almost monthly basis to make withdrawals from one of his accounts, each time verifying his identity by presenting his driver's license.

Santander argues that the foregoing proof disproves all of the Petitioner's bare claims that Trott was in a confidential relationship with the Decedent; that she exercised undue influence over him; or that the Decedent could not manage his own financial affairs at and/or after the time the Settlement Check was deposited. Furthermore, Santander counters that the Petitioner's deposition testimony belies her argument that the bank violated the "Know Your Customer" provisions of the Bank Secrecy Act, as she

5

not only testified that the Decedent was competent to deposit the Settlement Check, but that she was unaware that the Decedent had prostate cancer until after he died—notwithstanding that she resided with him.

Santander asserts Petitioner's forgery theory is similarly unsupported by the proofs presented. As an initial matter, Santander posits that an endorsement can be cursive or printed, and it directs the court's attention to (i) several Social Security checks that Decedent deposited into a joint account as bearing his printed endorsement and (ii) exemplars of his printed signature appearing on several bank documents, including the COE Form, a notarized document, which are virtually identical to the Decedent's signature on the back of the Settlement Check.

Santander continues that Petitioner's claim that the Decedent did not appear at the Branch to endorse the Settlement Check is refuted by the COE Form, which was executed simultaneously with the endorsement of the Settlement Check. The COE Form is notarized on December 4, 2016 by Trevor Fobbs, the Branch's former manager, who provided an affirmation that it was his usual practice, from which he has never deviated, to require the physical presence of a person whose signature he is notarizing and to request identification confirming that person's identity.

With respect to Kenyatta Miller, Santander notes that according to her personnel file, which was produced in discovery, she was terminated well before Trott emptied the Trott Account, and there is nothing in the file suggesting her firing had anything to do with the Settlement Check's deposit. Therefore, Santander insists, Kenyatta Miller's job performance issues with Santander bear no relevance to the issues in this proceeding.

6

As for the suggestion that it refused to produce Ms. Miller as a witness, Santander notes that Petitioner's counsel was notified during the discovery process that she was no longer a bank employee. Moreover, Santander provided Petitioner with her last known address. Petitioner, however, never subpoenaed Ms. Miller.

Regarding Petitioner's claim of negligence *per se*, Santander disputes that the decedent's endorsement of the Settlement Check violates UCC 3-419. Santander argues that under the Uniform Commercial Code the Decedent's blank endorsement, without designating a specific payee, made it a negotiable instrument which could be, and was, properly deposited into the Trott Account.

Santander maintains that it did not violate its internal policies in connection with utilizing the COE Form, as its policy manual permits the form's completion where, as here, there is a deposit for more than $15,000.00 being made into an account held by someone other than the original payee. As for the Check Box Language, Santander asserts that it only constitutes a representation and warranty by the Decedent that he endorsed the Settlement Check and transferred it to Trott.

Santander states that, as a matter of law, the COE Form cannot constitute a binding direction to deposit the check into any specific account, nor can it transmogrify the Settlement Check from being a bearer instrument into one that has been specially endorsed. Santander contends, however, that the COE Form confirms the Decedent's intention to have the deposit made into the Trott Account because immediately above where the Decedent signed the COE Form appears the following language: "*In consideration of the acceptance of the check by Santander Bank, N.A. for deposit into an account and/or negotiation in which I hold no interest or signing authority, I hereby*

7

[* 7]

*agree to be subject to the remedies provided in UCC § 3-416(b)"*. Had the intention been to put it into a Joint Account, Santander suggests, then a double endorsement would not have been required, a COE Form would not have been prepared and the Decedent would not have acknowledged, in writing, that he was depositing the Settlement Check into an account that he had no interest or signing authority.

Finally, Santander points out that the monthly statements for the Trott Account and the Joint Account had been delivered to the Decedent's address for many months after they were opened and the Settlement Check deposited. Apparently, the statements were found in the decedent's bedroom after he died. Santander avers that at least 15 monthly statements for the Trott Account were sent to the Decedent before he died, never showing a balance less than $480,000. Similarly, twelve monthly statements for the Joint Account were sent to the Decedent prior to his death, and none of those statements ever showed a balance greater than $12,000. As Decedent was given notice that the Settlement Check was deposited into the Trott Account, Santander concludes, his failure to object evidences his consent to this deposit.

## DISCUSSION

Summary judgment allows a party to demonstrate that no material issue of fact requires a trial and that judgment may be directed in its favor as a matter of law. (*Brill v City of New York*, 2 NY3d 648, 651 [2004].) To obtain summary judgment, the movant must "establish his cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in his favor" by "evidentiary proof in admissible form" (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1066 [1979]) (internal citations and quotation marks omitted).

[* 8]

"One opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].) Where, however, "the moving party has not met the initial burden of setting forth evidentiary facts sufficient to establish entitlement to judgment as a matter of law, the motion must be denied. There is no necessity for the opposing party to respond with evidentiary proof" (*Roman v Hudson Telegraph Associates*, 15 AD3d 227, 228 [1st Dept 2005]).

*Petitioner's Forgery Claim*

As an initial matter, the court is satisfied that the Decedent endorsed the Settlement Check. Contrary to Petitioner's contentions, she has not raised anything other than a "bald assertion of forgery" regarding the Decedent's endorsement (*Sterling National Bank v Alan B. Brill, P.C.*, 186 AD3d 515, 518 [2d Dept 2020]). Her unsupported forgery allegation fails to raise a material issue of fact requiring a trial.

Decedent's printed signatures on other Santander documents submitted in support of the cross-motion, including several Social Security checks deposited into the Joint Account and the COE Form, are similar to the Decedent's printed signature on the back of the Settlement Check. The court finds Decedent's signature on the COE Form to be a particularly reliable exemplar because the Decedent's signature on the COE Form was notarized and duly acknowledged by a notary public, creating a presumption of its authenticity (*Albany County Sav. Bank v McCarty*, 149 NY 71, 80 [1896]; *Clark v Mortgage Servs. Unlimited*, 78 AD3d 1104 [2d Dept 2010]; CPLR 4538). This presumption is bolstered by the notary's unimpeached affirmation testimony indicating that the Decedent signed the COE Form at the Branch, in his presence.

9

[* 9]

*Petitioner's Claims of Negligence Per Se*

Petitioner has not established negligence *per se* based on Santander's alleged violations of federal and New York State laws governing a bank's responsibility to its customers. The court does not agree with Petitioner's contention that UCC 3-419 bars Santander from negotiating the Settlement Check without a special endorsement. Petitioner's reliance on the holdings in *Tonelli v Chase Manhattan Bank, N.A.*, 41NY2d 667 (1997) and *Lynch v First National Bank of Jersey City*, 107 NY 179 (1887) as support for this premise is misplaced. In those cases, drawee banks were held liable for negotiating unendorsed checks. Here, however, the Settlement Check was properly endorsed and converted into a bearer instrument that could be negotiated and deposited into the Trott Account (*see* UCC 3-205[b]).

Similarly unavailing is Petitioner's argument of negligence *per se* based on Santander's alleged violation of the Bank Secrecy Act's "Know Your Customer" ("KYC") regulations. KYC regulations require banks to use reasonable diligence to identify customers and those acting on their behalf. It does not create a private cause of action. There is no evidence supporting Petitioner's claim that Santander would have ascertained that the Decedent lacked the capacity to deposit the Settlement Check if it had exercised reasonable diligence. In fact, Petitioner's own deposition testimony contradicts this claim, portraying the Decedent as being of sound mind and under no disability which would have prevented him from willingly and knowingly depositing the Settlement Check into the Trott Account.

Finally, Petitioner asserts a general claim that Santander's negligence can be assumed because it failed to follow its internal operating policies relative to the

10

Settlement Check. Petitioner, however, does not identify these policies with any specificity. If this claim is based on Santander's firing of Kenyatta Miller, Petitioner has not shown how her termination relates to the Settlement Check's deposit or to Trott's purported misappropriation of estate funds. If the claim is based on the allegation that the COE Form was not required by Santander's policy manual, such an additional safety measure would not constitute negligence *per se*.

*The COE Form and the Account Statements*

As a matter of law, nothing in the COE Form changed, restricted or affected the negotiability of the Settlement Check. The instrument's blank endorsements by the Decedent and Trott authorized Santander to deposit it into either the Trott Account or the Joint Account, in accordance with the Decedent's instructions. On the record presented, the court finds that those instructions were to deposit the Settlement Check into the Trott Account, as memorialized by the (i) COE Form and (ii) the uncontroverted fact that the Decedent never objected to the deposit, notwithstanding that for one year prior to his death he received monthly statements from Santander showing the funds were not held in the Joint Account.

The COE Form confirms that the deposit of the Settlement Funds into the Trott Account was not an error. If the intent was to deposit the Settlement Check into the Joint Account, that could have been done with only the Decedent's endorsement, since he had an interest in the Joint Account. However, because the funds were going into Trott's account, the Settlement Check had to be endorsed by the Decedent and Trott, and pursuant to Santander's policy manual, the COE Form had to be filled out, which

11

included information about the Decedent and Trott, the two necessary parties to the transaction.

Trott is identified as a depositor at the top of the COE Form, and her account number is written adjacent to her name. Notably, no other account number appears in the COE Form. The Decedent signed the form in his capacity as a payee of the Settlement Check, and immediately above his signature it states: "*In consideration of the acceptance of the check by Santander Bank, N.A. for deposit into an account and/or negotiation in which I hold no interest or signing authority, I hereby agree to be subject to the remedies provided in UCC § 3-416(b)*". This statement would be unnecessary and contradictory if the Decedent was depositing it into the Joint Account, in which he held an interest and signing authority.

When read in the context of the entire COE Form, it is clear that the Checkbox Language is a representation and warranty that the Decedent transferred the Settlement Check to Trott, not to Trott <u>and</u> the Decedent as Petitioner suggests. While Petitioner's motion papers insist the word "and" appears after Trott's name in the Checkbox Language section of the COE Form, that is inaccurate. The Decedent's name appears on a separate line in the section, adjacent to language identifying him as the depositor/customer making the warranty and representation about transferring the Settlement Check to Trott. Nowhere in the Checkbox Language is there a reference to the Joint Account. The only account referenced in the COE Form is the Trott Account.

Santander included the defenses of laches and statute of limitations in its responsive pleading but did not argue those theories in their cross-motion. As such, the court does not pass on whether Petitioner's claims are time barred in light of the

12

Decedent's receipt of statements from Santander showing the deposit was not made into the Joint Account (see, e.g., New York Uniform Commercial Code §4-406[4]). Instead, the court sees those account statements as compelling evidence of the Decedent's intention to have the Settlement Check deposited in the Trott Account, an intention which is corroborated by (i) the Decedent never indicating any objection to the Settlement Check's deposit into the Trott Account, notwithstanding he continued transacting business with Santander during the year prior to his death, apparently even visiting the Branch in person on an almost monthly basis, and (ii) Petitioner's deposition testimony that Decedent disclosed his receipt of the Settlement Check to Trott, but not to Petitioner, even though he resided with Petitioner and had opportunity to do so.

### Conclusion

Based on the foregoing, Santander has established its entitlement to summary judgment granting the relief sought in its cross-motion. Accordingly, it is hereby:

ORDERED, that Petitioner's motion for summary judgment is denied in its entirety; and it further

ORDERED, that Santander's cross-motion is granted and Petitioner's Verified Petition in this proceeding is dismissed, with prejudice.

This decision constitutes the order of the court.

Settle decree.

HON. NELIDA MALAVÉ-GONZÁLEZ,
SURROGATE

13