| |
|---|
| **Rivera v RREF II 34 Desbrosses Owner, LLC** |
| 2025 NY Slip Op 32454(U) |
| July 11, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155942/2023 |
| Judge: Leticia M. Ramirez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

|  |  |
|---|---|
| **PRESENT:**    <u>**HON. LETICIA M. RAMIREZ**</u> | PART           **29** |
|                   *Justice* | |

-------------------------------------------------------------------------------------X

JESUS RIVERA,

               Plaintiff,

             - v -

RREF II 34 DESBROSSES OWNER, LLC and WESBUILT
CONSTRUCTION MANAGERS LLC

              Defendants.

-------------------------------------------------------------------------------------X

| INDEX NO. | 155942/2023 |
|---|---|
| MOTION DATE | 02/19/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44

were read on this motion to/for         <u>SUMMARY JUDGMENT (AFTER JOINDER)</u>  .

        Plaintiff moves pursuant to *CPLR 3212* for an Order granting him summary judgment against defendants RREF II 24 Desbrossses Owner, LLC and Wesbuilt Construction Managers LLC on the issue of liability on his *Labor Law § 241(6)* claim and dismissing all affirmative defenses in defendants' Answer. Defendants oppose the motion.

        Plaintiff commenced this action on July 5, 2023, to recover for personal injuries allegedly sustained when he was performing construction work on March 23, 2023, at 34 Desbrosses Street in Manhattan. After issue was joined on August 28, 2023, a preliminary conference was held on January 31, 2024, a compliance conference on April 24, 2024, and a status conference on October 16, 2024. Plaintiff filed the Note of Issue on January 29, 2025, and now moves for partial summary judgment on the issue of liability regarding his *Labor Law § 241(6)* claim.

        Plaintiff argues that the Defendants violated *Industrial Code §§23-1.7(e)(1)*, *23-1.7(e)(2)*, and *23-2.1(a)* when they failed to keep the passageway where plaintiff's accident occurred free of debris and the sharp object that caused plaintiff's puncture injury and that these statutory violations proximately caused plaintiff's accident and injuries.

        In opposition, defendants argue that plaintiff is not entitled to judgment as a matter of law since, under the relevant provisions, the presence of a single screw is not enough to constitute an accumulation of dirt or debris and there is no evidence demonstrating that the screw was affixed or jutting out from the ground. Moreover, defendants argue that plaintiff's deposition demonstrates that the screws in the area were being used to affix sheetrock to the ceiling and thus were material integral to the work being done and cannot be the basis for a violation of the Industrial Code. Lastly, defendants argue that plaintiff failed to argue that any violation of the Industrial Code was due to a lack of reasonable care by the defendants and that this violation was a substantial factor in causing plaintiff's injury.

        In reply, plaintiff contends that defendants' single-screw argument does not render their conduct beyond the ambit of the Industrial Code protections or serve as a defense to plaintiff's claims; rather, the statute's protections are invoked when someone is injured by a dangerous condition resulting from the creation or the allowed existence of the accumulation of debris. Finally, plaintiff argues that defendants'

155942/2023   RIVERA, JESUS vs. RREF II 34 DESBROSSES OWNER, LLC ET AL            Page 1 of 4
    Motion No.   002

1 of 4

opposition papers fail to raise a triable issue of fact, as they have not submitted any evidence to refute plaintiff's *prima facie* showing.

To prevail on a motion for summary judgment, the moving party must establish its cause of action or defense sufficiently to warrant the court as a matter of law in directing judgment in its favor (*Winegard v. New York Univ. Med. Ctf.,* 64 N.Y.2d 861 [1985]; *Zuckerman v. City of New York*, 49 N.Y.2d 557 [1980]). Absent such prima facie showing, the motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 N.Y.2d 320, 324 [1984]). However, "[o]nce the movant makes the required showing, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact that precludes summary judgment and requires a trial" (*Dallas-Stephenson v. Waisman,* 39 A.D.3d 303, 306 [1st Dept. 2007], citing *Alvarez,* 68 N.Y2d. at 324).

*Labor Law § 241(6)* "requires owners and contractors to 'provide reasonable and adequate protection and safety' for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Ross v. Curtis-Palmer Hydro-Elec. Co.,* 81 N.Y.2d 494, 501, 618 N.E.2d 82, 601 N.Y.S.2d 49 [1993]. "[T]he duty to comply with the Commissioner's regulations is nondelegable" (*Id.,* 81 N.Y.2d 502). "Labor Law § 241 (6) is, in a sense, a hybrid, since it reiterates the general common-law standard of care and then contemplates the establishment of specific detailed rules through the Labor Commissioner's rule-making authority" (*Id.* 81 N.Y.2d 503). Traditionally, provisions that merely incorporate the general common-law standard are treated differently from provisions containing specific commands and standards (*See Ross*, supra at 503). "The latter have been held to create duties that are nondelegable … while the former do not" (*Id.*).

The "integral-to-the-work" defense applies equally to Industrial Code *§§ 23-1.7(e)(1)* and *23-1.7(e)(2)* (See *Krzyzanowski v. City of New York*, 179 A.D.3d 479, 118 N.Y.S.3d 10 [1st Dept. 2020]). "The integral to the work defense applies to things and conditions that are an integral part of the construction, not just to the specific task a plaintiff may be performing at the time of the accident" (*Ruisech v. Structure Tone Inc.,* 208 A.D.3d 412, 174 N.Y.S.3d 367 [1st Dept. 2022]; see also *Krzyzanowski v City of* New York, 179 AD3d 479, 480-481, 118 NYS3d 10 [1st Dept 2020]).

*Industrial Code § 23-1.7(e)(1)* states that "[a]ll passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping. Sharp projections which could cut or puncture any person shall be removed or covered." This provision establishes a non-delegable duty and standard of conduct which supports a *Labor Law § 241(6)* claim (See *Corbi v. Avenue Woodward Corp.,* 260 A.D.2d 255, 688 N.Y.S.2d 523 [1st Dept. 1999]).

*Industrial Code § 23-1.7(e)(20)* states, regarding working areas, that "parts of floors, platforms and similar areas where persons who work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed. "This regulation is sufficiently specific to support a Labor Law § 241 (6) claim" (*Smith v. Extell W. 45th LLC*, 230 A.D.3d 1044, 1045, 219 N.Y.S3d 262 [1st Dept. 2024]; see also *Corbi*, supra).

*Industrial Code § 23-2.1(a)* states, regarding the storage of material or equipment, "(1) "[a]ll building materials shall be stored in a safe and orderly manner. Material piles shall be stable under all conditions and so located that they do not obstruct any passageway, walkway, stairway or other thoroughfare."

A review of plaintiff's deposition demonstrates that plaintiff was a construction worker employed by non-party Top Line at the 34 Desbrosses Street project (NYSCEF Doc. # 33, 20:4-9). Plaintiff was employed to install all hardware, such as door locks, hinges, knobs and latches, in the apartments on the

**155942/2023  RIVERA, JESUS vs. RREF II 34 DESBROSSES OWNER, LLC ET AL**  **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

project (*Id.* 44:11-21; 63:15-24). He reported for work to TopLine's foreman, Jason, who would assign plaintiff work at the project (*Id.* 36:6-15; 36:25-37:3; 46:5-7).

On the morning of the accident, plaintiff had begun installing the doors and hardware to the second-floor apartments in the 15-floor building, as he had been instructed by Jason at the beginning of the week (*Id.* 49:17-20; 55:19-23). His accident occurred in the hallway of the second floor when he was on his way to the shanty for his coffee break at 9 o'clock (*Id.* 47:23-48:9; 65:8-10; 66:25-67:19; 71:15-24). When it was time for his break, plaintiff entered the hallway from the apartment he was working in and saw two sheetrock workers resting during the coffee break, he saw two open two ladders, a piece of sheetrock against the wall, and metal pieces "just thrown there" from the framing work that the workers had been performing (*Id.* 73:16-21; 75:10-22). Plaintiff pushed one of the two ladders that was blocking his way to step through it sideways and took a few steps when his left foot was pinched by a screw measuring an inch and a quarter in length (*Id.* 71:15-24; 72:16-17; 73:22-25; 74:2-11; 74:16-75:2; 76:19-20; 77:24-78:2; 87:6-8). Plaintiff did not see the screw, as he was looking forward when he moved the ladder (*Id.* 76:12-18; 75:6-9). Plaintiff also testified that he had not seen any screws on the floor before his accident and that the sheetrock workers had not been there earlier in the day when he went to the hardware room before working on the second-floor apartments (*Id.* 71:10-14; 80:2-4).

After the accident, plaintiff removed the screw from his foot and realized it was a screw used for the sheetrock work (*Id.* 77:13-5). He cursed, threw the screw, and proceeded to the shanty for his coffee break (*Id.* 78:18-79:15). Plaintiff thereafter received first-aid attention from a co-worker named "Alex" and he finished his workday (*Id.* 83:17-84:13; 86:10-12).

Here, the Court first finds that *Industrial Code § 23-2.1(a)* is inapplicable to the facts of this case since this section refers to the storage of materials and the items that plaintiff saw in the hallway were not in storage; rather, they were items being used by the sheetrock workers to perform their work (See *Waitkus v. Metropolitan Hous. Partners,* 50 A.D.3d 260, 854 N.Y.S2d 388 [1st Dept. 2008].

The Court also finds that *Industrial Code § 23-1.7(e)(1)* is inapplicable. The evidence reveals that there was no accumulation of dirt or debris in the hallway, nor that plaintiff was caused to "trip" or be "punctured" by a "sharp projection." The First Department has defined a sharp projection "to 'include any projection that is 'sharp' in the sense that it is clearly defined or distinct'" (*Kaufman v. Capital One Bank [USA] N.A.*, 188 AD3d 461, 462, 131 N.Y.S.3d 887 [1st Dept 2020]; quoting *Lenard v. 1251 Ams. Assocs.*, 241 A.D.2d 391, 393, 660 N.Y.S.2d 416 [1st Dept 1997]). Objects embedded into the floor that stick up have been found to be sharp projections (*Gervasi v. FSP 787 Seventh LLC*, 228 A.D.3d 459, 213 N.Y.S.3d 299 [1st Dept 2024]. In *Gervasi*, supra, the First Department found that a "steel pin or nail left partially embedded in the floor was a 'sharp projection' that was 'clearly defined or distinct'" (*Id.* at 228 A.D.3d 460). Here, plaintiff has failed to eliminate all issues of material fact demonstrating that the screw was partially embedded in the floor nor that it was clearly defined or distinct. In any case, even if the plaintiff had shown that the screw was a "sharp projection" as defined by the First Department, issues of fact remain as to whether the screw was an integral part of the sheetrock work ongoing in the hallway—plaintiff's testimony identified the screw as one being used for sheetrocking and his testimony revealed that he had not seen any screws lying on the floor when he used the hallway to access the hardware room earlier that day.

Finally, the Court finds that, even though the hallway constituted a "working area" within the meaning of *Industrial Code 23-1.7(e)(2)*, plaintiff has failed to make a *prima facie* showing under this section to entitle him to summary judgment. *§ 23-1.7(e)(2)* states that "floors, platforms and similar areas … shall be kept free … from scattered tools and materials … *as may be consistent with the work being performed*" (italicize added). Plaintiff has not eliminated all issues of material fact demonstrating that the location of the screw was inconsistent with the sheetrock work being performed in the hallway. Plaintiff's

argument that the screw "either [was] sticking up through a piece of sheetrock" or "standing upright on the floor" is speculative and unsupported by plaintiff's testimony when plaintiff's deposition demonstrates that he did not see the screw and he was looking forward when he moved the ladder to pass through the hallway. Therefore, viewing the evidence in the light most favorable to the movant, an issue of fact remains as to the location of the screw and whether the location itself was inconsistent with the work being performed in the hallway. Moreover, even assuming *arguendo* that plaintiff had established a *prima facie* entitlement to summary judgment under this section of the Industrial Code, the Court still finds that an issue of material fact remains whether the screw was an integral part of the work being performed by the sheetrock workers, thereby precluding summary judgment in favor of plaintiff (*See, Ruisech*, supra).

As to that portion of plaintiff's motion which seeks dismissal of defendants' affirmative defenses for culpable conduct and assumption of risk, the Court finds that issues of material fact remain whether plaintiff contributed to his accident. The First Department has held that when a plaintiff testifies that he did not see a dangerous condition because he "was looking straight ahead," it is for the jury to consider whether the plaintiff failed to see the defect, thereby contributing to his accident (*See*, *Yanky v. 2839 Bainbridge Ave. Assoc. LLC* 234 A.D.3d 583, 227 N.Y.S.3d 18 [1st Dept. 2025]). Hence, that portion of plaintiff's motion which seeks to dismiss defendants' affirmative defenses will be denied.

Accordingly, it is

**ORDERED:** Plaintiff's motion pursuant to *CPLR 3212* for an Order granting him summary judgment against defendants RREF II 24 Desbrossses Owner, LLC and Wesbuilt Construction Managers LLC on the issue of liability on his *Labor Law § 241(6)* claim is denied; and it is further

**ORDERED:** That the portion of plaintiff's motion pursuant to *CPLR 3212* which seeks an Order dismissing defendants' affirmative defenses for comparative fault and assumption of risk, is similarly denied.

This constitutes the Decision and Order of this Court.

_____
**7/ 11/ 2025**
**DATE**

20250711124642LRAMIREZDE33D33B7B154246A8D7A4F9EB8A3B9

_____
**LETICIA M. RAMIREZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155942/2023   RIVERA, JESUS vs. RREF II 34 DESBROSSES OWNER, LLC ET AL**                    **Page 4 of 4**
   **Motion No.  002**

[* 4]                                                                              4 of 4