**Schwarz v Avarga Contr. Corp.**

2025 NY Slip Op 31981(U)

June 4, 2025

Supreme Court, New York County

Docket Number: Index No. 157470/2020

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. PAUL A. GOETZ**

 *Justice*

| | |
|---|---|
| PART | 47 |

-------------------------------------------------------------------------------X

RUDY SCHWARZ,

Plaintiff,

- v -

AVARGA CONTRACTING CORP., MERINGOFF
PROPERTIES INC.,WEST 57TH ACQUISITION, LLC,521-
533 WEST 57TH STREET ASSOCIATES LLC,521-533 LLC,

Defendants.

-------------------------------------------------------------------------------X

MERINGOFF PROPERTIES INC., 521-533 WEST 57TH
STREET ASSOCIATES LLC

Plaintiffs,

-against-

ATILA CONTRACTING INC.

Defendant.

-------------------------------------------------------------------------------X

AVARGA CONTRACTING CORP.

Plaintiff,

-against-

ATILA CONTRACTING INC.

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157470/2020 |
| MOTION DATE | 09/16/2024, 09/16/2024 |
| MOTION SEQ. NO. | 004 005 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595837/2021

Second Third-Party
Index No. 595002/2022

The following e-filed documents, listed by NYSCEF document number (Motion 004) 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 171, 173, 175, 177, 179, 181, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 213, 215, 216, 217, 218, 219, 222, 223

were read on this motion to/for                          JUDGMENT - SUMMARY                          .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 172, 174, 176, 178, 180, 182, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 214, 220, 221, 224

157470/2020   SCHWARZ, RUDY vs. AVARGA CONTRACTING CORP.
Motion No.  004 005

Page 1 of 4

1 of 4

[* 1]

were read on this motion to/for        SUMMARY JUDGMENT(AFTER JOINDER      .

Upon the foregoing documents, it is

ORDERED that the part of defendants/third-party plaintiffs 521-533 West 57th Street Associates LLC (West 57th) and Meringoff Properties Inc.'s (Meringoff) (the property owners)[1] motion for summary judgment (MS #4) dismissing plaintiff's claims as against them is:

(i)      Denied with respect to plaintiff's common law negligence and Labor Law § 200 causes of action, as plaintiff has made a prima facie showing that he was injured due to a dangerous condition on the premises by testifying that the metal mesh grate "all of a sudden [] gave in" when he stepped on it (NYSCEF Doc No 193, p. 86) and that West 57th and Meringoff had notice of same (NYSCEF Doc No 196, pp. 47-50 [Meringoff building superintendent Joel Perez testifying that he told plaintiff's foreman not to "step on those [grates] because they'll give"]; *Jackson v Hunter Roberts Constr., L.L.C.*, 205 AD3d 542, 543 [1st Dept 2022] ["Where an existing defect or dangerous condition caused the injury, liability attaches if the owner or general contractor created the condition or had actual or constructive notice of it"] [internal quotation marks omitted]), and West 57th and Meringoff failed to demonstrate the absence of any material fact as to these issues;

(ii)      Denied with respect to plaintiff's Labor Law § 240(1) cause of action, as Perez's testimony, at a minimum, raises an issue of fact as to whether the collapse of the grate was foreseeable (*id.*; *Jones v 414 Equities LLC*, 57 AD3d 65, 79-80 [1st Dept 2008] ["the collapse of a permanent structure can[] give rise to section 240 (1) liability . . . where the collapse of the floor was foreseeable . . . [and] exposed [plaintiff] to an elevation-related risk"]);

(iii)      Granted with respect to plaintiff's Labor Law § 241(6) cause of action, as "Plaintiff does not contest" this part of the motion (NYSCEF Doc No 181);

---

[1] The parties refer to West 57th as the actual owner of the property and Meringoff as its managing agent (NYSCEF Doc Nos 129 ¶ 4, 181 ¶ 18). However, in the contract for the subject construction project, Meringoff is referred to as "[t]he Owner's Representative for the Project," the "client" for the purpose of construction bids, the "owner," and West 57th's "agent" (NYSCEF Doc No 149). In any case, the parties do not raise the issue of whether Meringoff should be considered an owner for the purposes of the Labor Laws, which extend to "owners *and their agents*" (Labor Law §§ 240(1), 241(6) [emphasis added]; *Gonzalez v Glenwood Mason Supply Co., Inc.*, 41 AD3d 338, 339 [1st Dept 2007] ["Labor Law § 200 . . . also applies to agents of the owner"]).

**157470/2020   SCHWARZ, RUDY vs. AVARGA CONTRACTING CORP.**          **Page 2 of 4**
**Motion No. 004 005**

[* 2]                             2 of 4

And it is further

ORDERED that the part of West 57th and Meringoff's motion for summary judgment (MS #4) dismissing all the crossclaims against them is denied, as they have not identified any such crossclaims (NYSCEF Doc Nos 45 [Avarga answer does not include crossclaims], 32 [action discontinued as against remaining defendants]); and it is further

ORDERED that the part of West 57th and Meringoff's motion for summary judgment (MS #4) on its contractual liability claim as against defendant/second-third party plaintiff Avarga Contracting Corp. (Avarga, the general contractor) is denied, as questions of fact remain as to West 57th and Meringoff's liability for plaintiff's injuries (*Radeljic v Certified of N.Y., Inc.*, 161 AD3d 588, 590 [1st Dept 2018] ["In light of the issues of fact that exist as to the extent of defendant's liability for causing plaintiff's injuries, summary judgment on defendant's contractual indemnification claim against [plaintiff's employer] would be premature"]), and whether they should both be deemed the "Owner" in the contract; and it is further

ORDERED that the part of Avarga's (the general contractor's) motion for summary judgment (MS #5) dismissing plaintiff's Labor Law §§ 200, 240(1) and 241(6) claims is:

(i)     Denied with respect to plaintiff's Labor Law § 200 causes of action because in support of its motion, Avarga merely asserts that Joseph Danatzko, a professional engineer who performed a site inspection and analysis, "opined that Defendant Avarga did not violate Labor Law § 200 because submitted evidence demonstrated that Atila (plaintiff's employer), and not Avarga, directed, controlled, and/or supervised the means and methods of the plaintiff's work" (NYSCEF Doc Nos 151, 153), however Danatzko has no personal knowledge of the matter and, in any case, this is irrelevant, as plaintiff was injured due to a defective condition on the premises, rather than the means and methods of his work (*Jackson*, 205 AD3d at 543 [where an injury is caused by the manner and means of the work, a "contractor is liable if it actually exercised supervisory control over the injury-producing work"; where an injury is caused by a dangerous condition, "liability attaches if the [] contractor created the condition or had [] notice of it"]);

157470/2020   SCHWARZ, RUDY vs. AVARGA CONTRACTING CORP.
Motion No.  004 005

Page 3 of 4

3 of 4

(ii)     Denied with respect to plaintiff's Labor Law § 240(1) cause of action because, similarly, Avarga merely asserts that Danatzko "opined that Avarga did not violate Labor Law §§ 240(1)" because the "plywood atop the metal mesh [] was contemplated as a 'temporary elevated working platform' [] sufficient under the law" (NYSCEF Doc No 151, 153), but does not identify any evidence suggesting the plywood was being used as a working platform, nor does it explain why the plywood provided plaintiff with "proper protection" against the elevation-related risk as required by Labor Law § 240(1);

(iii)    Granted with respect to plaintiff's Labor Law § 241(6) cause of action, as "Plaintiff does not contest" this part of the motion (NYSCEF Doc No 182);

And it is further

ORDERED that the part of Avarga's motion for summary judgment (MS #5) "dismissing any and all cross-claims relative []to" plaintiff's Labor Law §§ 200, 240(1) and 241(6) claims (NYSCEF Doc No 151) is denied, as it failed to identify any such crossclaims, let alone demonstrate why any such crossclaims against it should be dismissed.

20250604105732PGOETZ2AA8230F7DFF491E8B66549C4CBEDF88

_____
6/4/2025
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

**CHECK ONE:**              | | CASE DISPOSED          | X | NON-FINAL DISPOSITION
                            | | GRANTED      | | DENIED | X | GRANTED IN PART      | | OTHER
**APPLICATION:**            | | SETTLE ORDER           | | SUBMIT ORDER
**CHECK IF APPROPRIATE:**   | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE

**157470/2020   SCHWARZ, RUDY vs. AVARGA CONTRACTING CORP.**                    **Page 4 of 4**
**Motion No.  004 005**

[* 4]                                      4 of 4